## JARDINE v. HARRIS, District Judge.

No. 4155.    Decided July 3, 1924.    (227 Pac. 1029.)

1. CRIMINAL LAW—CITY COURTS HAVE SAME POWER OVER CRIMINAL CASES AS JUSTICES OF PEACE. Under Comp. Laws 1917, § 1713, city courts have the same powers in criminal cases arising under the laws of the state as justices of the peace.[1]

2. CRIMINAL LAW—DISTRICT COURT HELD TO HAVE JURISDICTION OF SUBJECT-MATTER OF COMPLAINT FOR ASSAULT AND BATTERY TRANSFERRED ON DEMAND FROM CITY COURT. Under Const. art. 8, § 7, and Comp. Laws 1917, § 1667, district court *held* to have jurisdiction of subject-matter of prosecution for assault and battery instituted by complaint in city court and transferred under Comp. Laws 1917, § 1730, as amended by Laws 1919, c. 34, on demand for change of venue, though there were other justices of peace in county who could have tried case.

3. CRIMINAL LAW—PARTIES CAN WAIVE OBJECTION TO JURISDICTION OF PERSON WHERE COURT HAS JURISDICTION OF SUBJECT-MATTER. If court has jurisdiction of subject-matter, parties can by their actions, either voluntarily or otherwise, waive objection to jurisdiction of parties, especially in misdemeanor cases.[2]

4. CRIMINAL LAW—OBJECTION TO JURISDICTION OF PERSON OF DEFENDANT IN PROSECUTION FOR ASSAULT TRANSFERRED FROM CITY COURT TO DISTRICT COURT HELD WAIVED. Where district court had jurisdiction of subject-matter of prosecution for assault and battery instituted by complaint in city court and transferred by stipulation of parties pursuant to authority of Comp.

---

[1] *Leatham* v. *Reger*, 54 Utah, 491, 182 Pac. 187.

[2] *Silver City Merc. Co.* v. *Dist. Court*, 57 Utah, 365, 369, 195 Pac. 19., 196.

Laws 1917, § 1732, on demand for change of venue under section 1730 as amended by Laws 1919, c. 34, and defendant appeared and was tried and sentenced without objection to jurisdiction, *held*, that he waived any such objection, although section 1732 only authorized such transfer when there was no other judge of concurrent jurisdiction before whom cause might be tried and there were other justices of peace who could have tried case.[3]

5. CRIMINAL LAW—TRANSFER TO DISTRICT COURT OF PROSECUTION INSTITUTED IN CITY COURT BY COMPLAINT HELD AUTHORIZED. Comp. Laws 1917, § 1732, authorizing, on change of venue in city court, transfer, in certain cases to district court, *held* to authorize transfer of prosecution for assault instituted by complaint in city court, notwithstanding section 8773, requiring prosecution by indictment or information in district court, section 1732 being the later statute.

R. F. Jardine was convicted of assault and battery, and he applies for writ of review.

WRIT DENIED.

*Hancock & Barnes,* of Salt Lake City, for plaintiff.

*Le Roy B. Young,* of Brigham City, for defendant.

THURMAN, J.

A criminal proceeding upon a charge of assault and battery was instituted against the plaintiff on the 8th day of March, 1924, in the city court of Logan City, Cache county, Utah. Plaintiff appeared, and upon proper affidavit seasonably filed in said court demanded that the cause be tried before some other judge or justice of the peace of the same county having concurrent jurisdiction, in pursuance of the provisions of Comp. Laws Utah, § 1730, as amended in chapter 34, Laws of 1919. The judge of said court granted the application and upon stipulation of the parties certified

[3] *Silver City Merc. Co.* v. *Dist. Court,* 57 Utah, 365, 369, 195 Pac. 194, 196.

the pleadings and transcript of the proceedings to the district court of Cache county, under the authority of section 1732 of the laws aforesaid. Plaintiff was thereafter tried in said court, found guilty, and sentenced to a term of imprisonment.

The case is before us on a writ of review. It is contended by plaintiff that the district court was without jurisdiction to hear and determine the cause. The statute section 1732, as far as material here, reads as follows:

"Whenever by reasons of a change of judge granted, there is no other judge of concurrent jurisdiction before whom a pending cause may be tried, the judge granting the change shall, except in cases hereinafter mentioned certify all pleadings and a transcript of the proceedings in said cause to date to the district court, in and for the county where said action is pending, where, within thirty days, the party at whose instance the change was granted must docket said cause. Thereafter, said cause shall in all respects be treated as if originally commenced in the district court. * * *"

The record shows there were other justices of the peace in Cache county before any one of whom the case might have been tried. For that reason plaintiff insists that the district court was without jurisidiction.

The city courts have the same powers in criminal cases arising under the laws of the state as justices of the peace. Section 1713 of the statute, supra; *Leatham* v. *Reger*, 54 Utah, 491, 182 Pac. 187.

It is not necessary to determine what might be the consequences in a case of this kind if there were no stipulation between the parties that the case be tried by the district court. Because of the stipulation it seems to us the only questions to be determined are (1) Did the court have jurisdiction of the subject-matter? (2) Did the stipulation and appearance of the plaintiff in the district court confer jurisdiction of the person?

The state Constitution (article 8, § 7) provides:

"The district court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law."

Comp. Laws 1917, § 1667, is in the same language and to the same effect.

There is no provision of the Constitution excepting cases of this kind, nor is there any law of the state prohibiting jurisdiction of the district court over the subject-matter. We must therefore conclude that as far as jurisdiction of the subject-matter is concerned, the court undoubtedly had jurisdiction to try and determine the cause. Did it have jurisdiction of the person?

As before stated, we are not concerned with the question whether the court would have had jurisdiction if there had been no stipulation, but in view of the stipulation and the appearance of plaintiff in the cause the controlling question is: Did the court acquire jurisdiction of the person? Upon this question the defendant calls our attention to a recent decision of this court, *Silver City Merc. Co.* v. *Dist. Court,* 57 Utah, 365, at page 369, 195 Pac. 194, 196, in which the court states the rule as follows:

"If the court has jurisdiction of the subject-matter, the parties can, by their action, either voluntarily or otherwise, waive the objection to the jurisdiction of the parties"—citing cases.

While the case from which the foregoing excerpt is quoted was a civil case, we know of no logical reason why it should not apply to a criminal case as well, especially a case of misdemeanor.

The record shows that Jardine not only stipulated that the case might be transferred from the city court to the district court, but appeared in person, accompanied with his attorney, in said court, and without objection to the jurisdiction of the court upon being arraigned pleaded "not guilty." He was thereafter tried in said court, found guilty, and sentenced, without objection.

It also appears from the record that Jardine thereafter appealed to this court from the aforesaid judgment. It is suggested, however, in plaintiff's complaint that there is no appeal to this court from said judgment. Assuming, without deciding that there is no appeal to this court from said judgment, the question we are called upon

to decide, is, nevertheless, not affected, as we view the case.

There is one feature of our laws not referred to by either of the parties which is of sufficient importance to deserve a passing notice. Comp. Laws Utah 1917, § 8773, provides:

"All public offenses triable in the district courts, except cases appealed from justices' courts, must be prosecuted by information or indictment, except as provided in the next succeeding section."

The section just quoted, on its face, appears to be in conflict with the views we have expressed, in that the section requires that public offenses triable in the district court, except cases mentioned, must be prosecuted by information or indictment.

The case at bar was not prosecuted by information or indictment, but by complaint originating in the city court: hence there is an apparent conflict between section 8773 and section 1732, supra.

We are of opinion the apparent conflict is not irreconcilable, but in any event there is no necessity of undertaking a reconciliation inasmuch as section 8773 in substantially its present form was enacted in 1884 (see Comp. Laws 1888, § 4997), while section 1732 was first enacted in 1903 (Sess. Laws 1903, p. 28). If there is any conflict, the later law prevails.

The court is of opinion there is no merit in plaintiff's application for an annulment of the proceedings had in the district court.

For the reasons stated, the application is denied, at plaintiff's cost.


WEBER, C. J., and GIDEON, CHERRY, and FRICK, JJ., concur.