## STATE v. TELFORD.

No. 5630. Decided October 18, 1937. (72 P. [2d] 626.)

*Karl V. King* and *Roy F. Tygesen,* both of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

WOLFE, Justice.

The defendant was by complaint filed on July 3, 1934, in the city court of Logan, Cache county, Utah, charged with having in his possession intoxicating liquor. Upon the warrant issued, defendant was arrested, furnished bail for his appearance, requested and was allowed until July 5th in which to plead. On that day he pleaded not guilty. The case was then set for trial for July 12, 1934. On that day, defendant by and through his attorney, filed in the city court of Logan a "Motion and Waiver" by which he moved the court "to grant a change of venue to some Justice of the Peace located in Cache County, or to certify the records and files of this court to the District Court of the First Judicial District in and for Cache County, State of Utah, and said defendant hereby waives any statutory requirements or technicalities which may arise by reason of the same being certified to the District Court."

In accordance with defendant's request, and because of no objection by the county attorney, the city judge certified the case to the district court of Cache county. There is

nothing in the record which even shows that the city judge was disqualified to hear the matter. Defendant was arraigned before the district court on July 14th and entered a plea of not guilty. The case was then set for trial for August 22, 1934. A trial was duly had and the defendant was convicted.

The district court should not have proceeded with this case. A tribunal may have jurisdiction of a subject matter but the right to proceed under that jurisdiction may depend on a condition precedent. Put in another way, the court may have jurisdiction of a subject matter but its jurisdiction should be properly invoked.

There are many cases where courts have jurisdiction of a subject matter but that jurisdiction must be invoked according to a certain procedure. In invoking the jurisdiction of of the district court on matters wherein it has original jurisdiction, it requires a complaint, petition, or application. One cannot invoke the jurisdiction by simply stating orally one's complaint. Likewise, in the case of misdemeanors, the jurisdiction of the district court can be invoked in two ways only: First, by appeal; second, if it appears by the certificate that there is no justice of the peace in the county qualified to try the case. The city judge, justice of the peace ex officio, certified the case to the district court, not on finding that there were not other justices of the peace who might try the case, granted he disqualified himself, but because of a motion or request of defendant not objected to by the county attorney. In the case of *Jardine* v. *Harris,* 63 Utah 560, 227 P. 1029, the case was transferred by stipulation. In this case there was a motion and waiver for a change of venue to some other justice of the peace in the county or to the district court. Certainly, therefore, defendant is not in any better position than he would be if under the Jardine Case.

The Jardine Case is not contrary to the view above expressed. A superficial reading of that case may give the impression that by inference this court held that it was

proper for the district court to take original jurisdiction of a misdemeanor when the parties stipulated that the case should go to the district court without trial in the justice's court. A careful reading of that case, however, reveals that all this court said was that the district court had jurisdiction of the subject matter and that the stipulation and appearance of the plaintiff (defendant in the criminal action) in the district court conferred jurisdiction of the person. Those were the two questions expressly set out in that opinion and those were the two questions which were answered in the affirmative and we answer the same in the affirmative in this case. The question as to whether it was proper for the district court to take jurisdiction of a misdemeanor when there had been no trial in the lower court and when it did not appear from the certificate that there were no justices of the peace within the county qualified to try the same was not raised in the Jardine Case. Only by its silence on that question could it be inferred that this court held that an invoking of the original jurisdiction of the district court could be obtained by stipulation. We do not think such inference should be indulged from silence.

In this case, defendant, having stipulated that the case should go directly to the district court, is estopped from taking advantage of the point that the jurisdiction of the district court was not properly invoked. But it is one thing to hold that the State and a defendant may not stipulate original jurisdiction to the district court and another to hold that, they having done so, the defendant is not in position to raise the question of whether the jurisdiction was properly invoked. If the district court could never have had jurisdiction of the cause, that is, if it was without capacity to entertain the cause in any case, estoppel could not be urged. But where it has judicial capacity to entertain the matter, but does so when the conditions for invoking that jurisdiction have not all been fulfilled, he who has requested that it so assume jurisdiction is not in position to urge that it improperly took jurisdiction.

The district court itself should refuse to proceed if the certificate shows it is not an appeal, or that it is not shown that there are no justices of the peace in the county qualified to try the case. It is a case in which mandamus would not lie to make it proceed or take cognizance and in which prohibition might lie to prevent it from taking juris- diction, by a party not consenting to the jurisdiction.

If the district court does proceed where it is shown that the matter was improperly transferred, certainly the party re- questing that it should so proceed cannot question what he consented to and requested. He is barred from asserting that the jurisdiction was not invoked, not because the court properly assumed it, but because estoppel holds up its hand and says, "You shall not assert that its jurisdiction is im- properly invoked." If he cannot assert such lack of proper procedure, it is as to him as if it had been proper. There is a vast difference between something being correct and proper, and a situation where it is not but the facts are such that the court pulls down the curtain on the contemplated assertion that it was not proper because of the principle of estoppel.

From an examination of the case of *State* v. *Ferguson*, 83 Utah 357, 28 P. (2d) 175, the views expressed therein appear to be harmonious with the above reasoning and to imply it. Mr. Justice Elias Hansen, Mr. Justice Moffat and Mr. Justice Folland all took exception to the statement in the prevailing opinion in that case that the district court did not have authority or power to hear a misdemeanor, yet both Mr. Justice Elias Hansen and Mr. Justice Moffat held the case had gotten to the district court by wrong proced- ure—the justice of the peace not having authority to commit for a mere misdemeanor charged in his court. But in that case there was no question of estoppel because the district court tried the case on an information on the theory that a felony had been charged over the objection of defendant that it had jurisdiction. In the present case, a misdemeanor likewise reaches the district court by wrong procedure, to

wit, a stipulation or motion and waiver, but because of the motion the defendant is estopped to deny that the procedure was incorrect.

As to whether, after defendant is estopped from asserting that the jurisdiction of the district court was not properly invoked, it should be treated as a case in which the district court properly had original instead of derivative jurisdiction, as in the case of a certificate showing no qualified justices of the peace in the county, or whether it should be treated as if defendant had had a trial in the lower court and took an appeal to the district court wherein the judgment would be final with named exceptions, presents another problem.

We think the outcome is as follows: Estoppel will place the defendant in the position of having had a proper trial in the district court. The jurisdiction of the district court, held under the estoppel as far as the parties are concerned as correct, must be considered as derivative rather than original. That is, the case as tried by the district court should be considered as if it were had on appeal and that its judgment is final. This arises also by estoppel. The defendant requested a change to the district court or some other justice of the peace in the county. The motion and waiver was not for a change to the district court in case there was no other justice in the county qualified to try the case. Such would have been a needless motion, because the law itself provided for such change. The case was changed to the district court without a certificate showing that there were no qualified justices in the county and trial had by the district court. The defendant not only went to trial under that state of facts, but in his motion waived "any statutory requirements or technicalities which may arise by reason of the same being certified to the District Court." As far as he is concerned, he therefore stands in the district court as if he were properly there on appeal, the record revealing that there was no certificate showing no qualified justices in the county. His mouth is closed by the motion and waiver to assert it was not on appeal and

the record shows independently of that motion that the case did not come up because there were no justices in the county who could try the case. Therefore, it must be assumed as far as the defendant is concerned that it did come up from an appeal, which was the only other way it could properly come up. Thus, the jurisdiction of the district court is final unless a constitutional question is involved.

In such case the appeal to this court should be dismissed rather than the judgment affirmed. Affirmance takes in the inference that an appeal to this court lies. Dismissal of the appeal infers a holding that no appeal lies and assigned errors cannot be reviewed. We take cognizance of the record in so far as to determine that the case so stipulated into the district court was wrong, invoke the principle of estoppel against the appellant, which results in a situation of the defendant having had a final hearing in the district court. The record revealing this, we should on our own motion dismiss on the ground that defendant has no right of appeal to this court. We cannot consider assigned error and thus, by inference, hold that there is a right of appeal.

If it will give comfort to the defendant, we all agree that there was no prejudice to him in selecting the jury. There may be cases where a party would be prejudiced if the procedure relating to the selection of jurymen were not followed. But this is not one of them. It is in fact difficult to see why a party is not more favored than under the procedure which should have been followed when, from 14 veniremen, he may first cull out all disqualified for cause and then exercise his three peremptories from 14 men, none of whom is disqualified for cause.

The appeal is dismissed.

FOLLAND, C. J., and MOFFAT, HANSON, and LARSON, JJ., concur.