368 P.2d 595

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Max Leon REAY, Defendant and Appellant.**

**No. 9516.**

Supreme Court of Utah.

Feb. 13, 1962.

Sumner J. Hatch, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

Defendant appeals from a conviction of assault with a deadly weapon with intent to commit robbery, and also from a finding of the jury that he was an habitual criminal.

On Sunday night, September 25, 1960, Mr. Ronald R. Eatchel, assistant manager of a Safeway Store located at 370 East South Temple Street, Salt Lake City, closed the store at approximately 7:05 p. m. After locking the store door and securing it with a padlock, Eatchel and his wife approached their automobile which was parked in front of the store. As Eatchel opened the door of the car to let his wife in, they were approached by one Arthur John Witchey who pulled a gun from his pocket and ordered the Eatchels back into the store. Eatchel was able to convince Witchey that he did not have the key to the padlock, whereupon Witchey escorted the Eatchels back to their car. Witchey then went to and entered an automobile which had been parked behind the Eatchels'. The Eatchels then drove their car down Fourth East Street, turned west on First South and proceeded to the police station, where they reported the incident. The car in which Witchey entered

followed, without its lights on, the Eatchel car down Fourth East, but did not turn west on First South.

Both Mr. and Mrs. Eatchel testified that there was another person, sitting in the driver's seat, in the other automobile while Witchey was attempting the robbery. Mrs. Eatchel was of the opinion that Witchey drove the car away. She was able to secure a description and the license number of the car, which were reported to the police. Neither Mr. nor Mrs. Eatchel was able to identify the defendant as being the other person in the car.

Subsequently, at 7:21 p. m., Officer Mike Clark and Officer Carroll observed the car at the intersection of Sixth South and State Streets—some nine blocks from the Safeway Store. When first sighted by the officers the car was facing east (back towards the locality of the store) on Sixth South, waiting for the traffic signal to change. The officers pulled the car to the side of the street and ordered the occupants to get out, which they did. They were Witchey and the defendant. The defendant had been driving. A search of the car revealed a .22 caliber revolver under the right front seat.

Defendant testified that he had borrowed the car from a friend and that, on the evening in question, he had loaned it to Witchey. He had picked Witchey up at the latter's home at about 6:00 p. m. They drove to the corner of Main Street and Second South where the defendant got out and permitted Witchey to take the car. About 30 or 40 minutes later Witchey returned and picked up the defendant, who, in the meantime, had visited a tavern and consumed two beers. He denied that he had participated in the attempted robbery or that he had ever seen the gun before it was discovered by the officers.

Upon cross-examination he admitted that he had been convicted of armed robbery in the state of Idaho and of forgery in this state.

▪ The defendant first contends that the evidence was insufficient, as a matter of law, to support the guilty verdict. With this we cannot agree. It was definitely established that an unidentified man was present in the car when Witchey assaulted the Eatchels in the attempted robbery and that he drove away with Witchey. The defendant was apprehended some 15 minutes after the occurrence, driving the vehicle involved, accompanied by Witchey. The car was under the control of defendant who had borrowed it from a friend. A revolver was found concealed in the automobile. From these facts a jury could reasonably conclude, beyond a reasonable doubt, that the unidentified person who assisted Witchey in the crime was, in fact, the defendant. The jury could well have concluded that the defendant's alibi was but a fiction and that he had been in the

car during the entire evening, and that he was an accessory to the crime. The facts pointing to defendant's guilt in the instant case are much stronger than those in State v. Marasco,[1] cited by defendant, wherein only evidence of flight and motive was held to be insufficient to sustain a verdict of guilty.

Defendant contends that the lower court erred in having the entire information read to the jury at the opening of the trial upon the assault charge. The information contained two counts, the first charging defendant with the crime of assault with a deadly weapon with intent to commit robbery, and the second with being an habitual criminal. The record discloses the following entry made by the reporter:

"* * * The clerk read the information filed by the District Attorney in said case * * *."

■■ The defendant would have us infer from the foregoing that both counts were read to the jury which would have been error.[2] However, such an inference is not justified. In the absence of a showing to the contrary, it is presumed that judicial proceedings were regular in all respects.[3] There is no affirmative showing that the second count of the information was read to the jury at the start of the trial upon the first charge. The record is devoid of any objection being made with respect to the reading of the information.

■■ Defendant next contends that the court erred, in the hearing upon the habitual criminal charge, in receiving into evidence a certified copy of an information and commitment for the crime of forgery in Utah, and an exemplified copy of a conviction and judgment for armed robbery in Idaho. At the trial the introduction of these exhibits was objected to upon the ground that they were not the "best evidence." No objection was made as to lack of foundation or as to lack of identity. The objection was not well taken. The "best evidence" rule is applicable where the thing to be proved is the contents of the writing. The exhibits were properly authenticated public documents and were admissible. As to the question of identity which the defendant now raises—that there is no proof that he is the same person named in the exhibits—suffice it to say that the defendant, on the witness stand, admitted the convictions.

Defendant's claimed error with respect to a jury instruction is without merit.

Affirmed.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

---

1. 81 Utah 325, 17 P.2d 919.
2. 76-1-19, U.C.A.1953.
3. 1 Wharton, Criminal Evidence, 12th Ed., Sec. 126.