396 P.2d 407

**Harry PONS, Plaintiff,**

**v.**

**The Honorable Merrill C. FAUX,
District Judge, Defendant.**

**No. 10178.**

Supreme Court of Utah.

Nov. 13, 1964.

Verl C. Ritchie, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Chief Justice:

Petition for an extraordinary writ to require defendant judge to transfer a felony complaint, instituted before said district judge, to the City Court of Salt Lake City, Utah. Denied, and no costs awarded.

Plaintiff was charged with violation of Title 76–53–10, Utah Code Annotated 1953. He asked to have the case transferred to a city judge and supported his motion with an affidavit of bias and prejudice generally,

**94**

but not asserting any particular facts, except that the judge had made an undisclosed statement of some kind. The motion was denied.

■ Under Article VIII, sec. 21 of our Constitution, the district courts of the state "may hold preliminary examinations in cases of felony." Plaintiff's contention that this case should have been initiated in the City Court under Title 77–15–4, U.C.A. 1953 overlooks an "if" in that statute to the effect that should such action be initiated "before a justice of the peace," for "a public offense," an affidavit of prejudice can require a change to another justice of the peace. This statute, we take it, is implementary of the constitutional provision above mentioned, and therefore uncontrolling in a proper case, including the instant one. We believe and hold, therefore, that the initiation of the complaint here, or whatever one wishes to call it, was not improper since the Constitution clearly says that preliminary hearings may be held in such court in cases of felony.

As to the matter of shifting judges where an affidavit of bias and prejudice is filed, this writer commends to the reader the language of Mr. Justice Wade, concurring in Haslam v. Morrison, 113 Utah 14, p. 24, 190 P.2d 520, p. 525 (1948).

■ In civil cases Rule 63(b), Utah Rules of Civil Procedure governs. We think it equally or more apropos in criminal cases. Therefore, by virtue of this decision, we amend that rule to add criminal cases, which will read as follows: "63(b). Disqualification. Whenever a party to any action or proceeding, *civil or criminal,* shall * * * ," etc., the emphasized portion above to be added to the rule. In civil cases, the rule has been construed,[1] and such construction in futuro is applicable to criminal cases.

In the present case, however, we hold that the venue in the district court is proper, although we think the better practice would have been to initiate this case in the lower courts under available statutes designed to relieve the district courts of their work loads.

■ We hold that the district court not only has jurisdiction in this case, but is not bound by the former Rule 63(b), but suggest the possibility of its following the rule as amended hereby, as construed by cases heretofore decided in interpreting Rule 63(b) as applied to civil cases.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

1. Anderson v. Anderson, 13 Utah 2d 36, 368 P.2d 264.