396 P.2d 867

**Cynthia HAKKI, Plaintiff,**

**v.**

**Honorable Merrill C. FAUX, Judge of the Third Judicial District Court, Defendant.**

**No. 10184.**

Supreme Court of Utah.

Dec. 1, 1964.

Sumner J. Hatch, Robert McRae, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Warren M. Weggeland, Asst. County Atty., Salt Lake City, for defendant.

McDONOUGH, Justice.

Plaintiff, charged by complaint with a misdemeanor, resisted trial before a judge of the Third Judicial District, filing a motion for change of place of trial on the

basis of a belief of bias or prejudice. The motion was denied and the matter set for trial. She now seeks an extraordinary writ prohibiting that judge, Honorable Merrill C. Faux, from proceeding with the trial.

The case was begun by the prosecution in the District Court by a complaint[1] alleging a violation of U.C.A.1953, 76-39-5, despite the command of U.C.A.1953, 77-16-1:

"All public offenses triable in the district courts, except cases appealed from justices' and city courts, must be prosecuted by information or indictment, except as provided in chapter 7 [not pertinent here] of this title."

Thereafter, the motion for change of venue was timely made alleging that the plaintiff believed the judge to be prejudiced and biased in the pending case. The court held a hearing on the affidavit of prejudice and denied the change of judge. If evidence was presented to the court, it does not appear in the record before us.

Plaintiff urges that the trial court was acting in the capacity of a justice of the peace by proceeding upon the complaint filed, and that the judge was obliged to transfer the case to another justice immediately upon the filing of the affidavit of prejudice, in accordance with U.C.A.1953, 77-57-12(1):

"When the defendant files an affidavit in writing, stating that he has reason to believe and does believe, that he cannot have a fair and impartial trial by reason of the bias and prejudice of such justice, the action must be transferred to a justice of the county agreed upon by the parties, or, if there is no agreement, to the nearest justice within the county to which such objection does not apply.

The defendant, on the other hand, argues that the District Court had jurisdiction to try a misdemeanor and that, upon challenge of bias or prejudice, the judge's duties are set forth in U.C.A.1953, 77-25-6:

"When an application is made to a judge for a change of judge, he shall determine the sufficiency of the grounds stated and he may in his discretion also determine the fact of prejudice or interest, or may call in another judge to determine the fact of prejudice or interest, or, if there is more than one judge in the district, the judge to whom the application is made may without any prior determination of the fact of prejudice or interest call in another judge of the district to try the action."

1. The Attorney General in arguing the matter before this court overlooked the affidavit of plaintiff's attorney setting forth this fact and ignores the question of whether the jurisdiction of the District Court was properly invoked.

**134**

It is contended that since there is no evidence in the record of bias or prejudice, the trial court's action should not be disturbed in the light of the presumption of judicial regularity, State v. Reay, 13 Utah 2d 79, 368 P.2d 595; Watkins v. Simonds, 14 Utah 2d 406, 385 P.2d 154.

The plaintiff concedes that under the State Constitution the District Court has original jurisdiction of all crimes.[2] However, she urges that the proper procedure was not followed, and could not be followed, to bring a nonindictable misdemeanor before the District Court for trial in the first instance.

Although the case of State v. Telford, 93 Utah 228, 72 P.2d 626, was concerned with an improper *transfer* of a misdemeanor case to the District Court, the reasoning of that case has been adopted where a misdemeanor charge was originally filed in the District Court, State v. Johnson, 100 Utah 316, 114 P.2d 1034. In the Telford case, it is said:

"There are many cases where courts have jurisdiction of a subject matter but that jurisdiction must be invoked according to a certain procedure. In invoking the jurisdiction of the district court on matters wherein it has original jurisdiction, it requires a complaint, petition, or application. One cannot invoke the jurisdiction by simply stating orally one's complaint. Likewise, in the case of misdemeanors, the jurisdiction of the district court can be invoked in two ways only: First, by appeal; second, if it appears by the certificate that there is no justice of the peace in the county qualified to try the case. * * *" [72 P.2d at 627]

 The Attorney General disputes the last statement quoted by pointing to the amending language[3] of the statute describing the necessary contents of a complaint. It is urged that this language indicates that a complaint conforming to rules of pleading applicable to an indictment or information

2. Art. VIII, Sec. 7, Constitution of Utah: "The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law; appellate jurisdiction from all inferior courts and tribunals, and a supervisory control of the same. The District Courts or any judge thereof, shall have power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* prohibition and other writs necessary to carry into effect their orders, judgments and decrees, and

to give them a general control over inferior courts and tribunals within their respective jurisdictions." (Emphasis added.)

3. U.C.A.1953, 77–11–1: " * * * "However, in cases of public offenses triable upon information, indictment or accusation, the complaint, the right to a bill of particulars, and all proceedings and matters in relation thereto, shall conform to and be governed by the provisions of the new chapters 21 and 23 of Title 77 * * *."

may initiate a criminal action in the District Court. However, the purpose of the section is to set the standards for magistrates— i. e., officers having power to issue a warrant for the arrest of a person charged with a public offense, U.C.A.1953, 77–10–4. And the mere fact that a district judge might receive a complaint as a magistrate, U.C.A. 1953, 77–10–5, will not invoke the jurisdiction of the District Court, State v. McIntyre, 92 Utah 177, 66 P.2d 879.

Implicit in the defendant's argument is Justice Pratt's special concurrence in State v. Johnson, 100 Utah 316, 114 P.2d 1034 at 1043, to the effect that the procedural requirements in fact limit the jurisdiction of the District Courts, which the legislature is not empowered to do. Suffice it to say that the argument was considered in that case and determined adversely to such contention, as synthesized by Justice Wolfe's concurrence:

"I concur. The opinion very clearly develops the thesis that 'original jurisdiction' as used in the Constitution does not mean that an action *must* be originally brought in the court having original jurisdiction, nor that there is a right originally to initiate it in that court. The word 'original' expresses an adjudicative power of the court to function originally in regard to the litigation, independently of another tribunal, as it could have done if originally brought in that court and not as a court reviewing the action of another tribunal. I think the distinction sound and the only one workable under the various provisions of our constitution."

■ This reasoning reconciles the cases which defendant finds in conflict. Although the power to act in a matter may be derivative in a procedural sense, so that lack of jurisdiction in the justice of the peace prevents acquisition of jurisdiction by the District Court on appeal, Newbill v. Hendricks, 115 Utah 338, 205 P.2d 247;; Hardy v. Meadows, 71 Utah 255, 264 P. 968, the adjudicative power is original and uninfluenced by the proceedings below, Jardine v. Harris, 63 Utah 560, 227 P. 1029; State v. Johnson, supra.

■ Concluding, as we must, in the light of statutes and case authority that the proper procedure for invoking the original jurisdiction of the District Court has not been followed, the District Court was powerless to act in this matter. The Writ of Prohibition lies to prevent the judge from proceeding with the trial. It is so ordered.

CALLISTER and WADE, JJ., concur.

HENRIOD, Chief Justice (dissenting).
Respectfully, I dissent. Art. VIII, sec. 7 of our Constitution says that "The Dis-

trict Court shall have *original* jurisdiction in all matters civil and criminal, * * *." This provision should end the "matter," since this case is a criminal "matter." (Emphasis added.)

In my book "original" means "original,"—not derivative, appellate, collateral, supplemental, adjunctive or remotely related.

A web of indecision seems to have been spun by some cases cited in the main opinion enmeshed, but nonetheless, not crushed the life from the Jardine case by any overruling of it. No fine distinction as to that case 'can destroy its import; nor, what is more important, can such refinement destroy the lexicography of the plain, simple wording of Art. VIII, sec. 7 of the Constitution.

Although I am convinced that the District Court had jurisdiction in this case, I again commend the language of Mr. Justice Wade in Haslam v. Morrison, 113 Utah 14, p. 24, 190 P.2d 520, p. 525 (1948), and reiterate the language of Pons v. Faux, 16 Utah 2d 93, 396 P.2d 407, 1964, case No. 10178, this court, to the effect that "we think the better practice would have been to initiate this case in the lower courts under available statutes designed to relieve the district courts of their work loads."

CROCKETT, J., concurs in the dissenting opinion of HENRIOD, C. J.