Robert K. YOUNG and Wynn
P. Young, Plaintiffs,

v.

Larry PATTERSON, Edwin Donald Olsen,
Jay Donald Olsen, Scott Douglas Olsen,
and Patterson Construction, Inc., Defen-
dants and Petitioner.

Larry PATTERSON, Plaintiff
and Petitioner,

v.

Robert YOUNG and Wynn
Young, Defendants.

No. 960241.

Supreme Court of Utah.

Sept. 3, 1996.

Douglas L. Neeley, Ephraim, for the Youngs.

Dale M. Dorius, Brigham City, for the Olsens.

Ronald G. Russell, Salt Lake City, and Karen M. Patterson, American Fork, for Patterson Construction.

George E. Brown, Jr., Keith L. Stoney, American Fork, for Patterson.

Brent M. Johnson, Salt Lake City, for Judge McIff.

DURHAM, Justice:

This is a petition for an extraordinary writ. Petitioner Larry Patterson has asked this court to determine the proper scope of an

order for review of an affidavit of bias or prejudice under rule 63 of the Utah Rules of Civil Procedure. He filed such an affidavit respecting Sixth District Court Judge K.L. McIff and now asks this court to prohibit what he characterizes as "improper comment" on the merits of the affidavit in Judge McIff's order of referral.

The pertinent facts are as follows: Patterson filed an affidavit of prejudice in companion cases assigned to Judge McIff. At the time the affidavit was filed, Patterson had a motion to dismiss pending in one of the cases. Prior to the time Judge McIff received actual notice of the filing of the affidavit, he issued a memorandum decision disposing of the motion. The affidavit of bias alleges, in part, that Judge McIff's bias against petitioner is reflected by the judge's delay in ruling on the motion to dismiss and by comments the judge made during a hearing. Excerpted copies of the hearing transcript were attached to the affidavit. Judge McIff, pursuant to rule 63, referred the affidavit to another district judge for determination. He wishes, however, to append two pieces of information from the record to his order: (1) the date stamp contained on his memorandum decision (which shows that the decision was in fact issued before the judge had any knowledge of the filing of the affidavit of bias), and (2) additional pages from the transcript of the hearing in question (which he asserts will give the referral judge a more accurate context for assessing the allegation of bias). Petitioner asks us to prohibit their inclusion. The issue before us is whether such material may properly be included in the referral order pursuant to rule 63.

Rule 63(b) reads in pertinent part:

**Disqualification.** Whenever a party to any action or proceeding, civil or criminal, or his attorney shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposite party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.

Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed as soon as practicable after the case has been assigned or such bias or prejudice is known. If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge ... of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the affidavit.

In *Barnard v. Murphy*, 852 P.2d 1023 (Utah Ct.App.1993), the court of appeals correctly observed, "The clear import of Rule 63(b) is that a judge against whom the affidavit is directed must either recuse him—or herself, or if he or she questions the legal sufficiency of the affidavit, certify the matter to another named judge for a ruling on its legal sufficiency." *Id.* at 1025. That court also correctly held that it was improper for the certification order to contain what amounted to argument or comment on the necessity for disqualification, including in that case references to decisions by the referring judge in other cases. *Id.* We agree with the *Barnard* court that the dimensions of a rule 63(b) proceeding are extremely circumscribed. The policy of the rule is to insulate trial judges from participating in unseemly disputes regarding their impartiality and thereby to preserve the appearance (as well as the actuality) of the detachment necessary to the legitimacy of our court system. It is true that the rule's operation will render a trial judge unable to defend against false or inaccurate allegations. The last sentence of the rule, however, provides that counsel must file, along with an affidavit of bias, a "certificate ... that such affidavit and application are made in good faith." Should the judge reviewing the affidavit discover a lack of good faith, disciplinary sanctions could be imposed. Of course, in the final analysis, the rule is vulnerable to abuse by unscrupulous parties or their counsel, since an affidavit may be false but not demonstrably so and therefore legally "sufficient" for purposes of the rule. We are persuaded, however, that the potential for abuse is preferable to the alternative of requiring or per-

mitting trial judges to engage in disputes about their capacity to hear cases when their impartiality has been questioned.

▓▓▓▓ This case, however, presents a slightly different question than did *Barnard*. The trial judge in *Barnard* sought to include argumentative material outside the record in the case, which the court of appeals characterized as creating the "risk [of] improperly influencing the review by [the second judge] after certification." *Id.* In this case, Judge McIff seeks only to include specific portions of the *record* in the case that are relevant to the allegations in the affidavit and that will enhance the context of review for the certifying judge. We cannot see how portions of the record, submitted without comment and without editing, could create a risk of improperly influencing the reviewing judge. Therefore, although we agree with petitioner that rule 63 permits only an order of certification with no advocacy or comment, we hold that it is permissible for the certifying judge to append relevant portions of the record to the order. As the parties and the court acknowledged in *Barnard*, the reviewing judge may request legal memoranda from the parties on the sufficiency of the affidavit, and certainly either party would be entitled to include record references in those memoranda. The referring judge does not improperly "enter the fray" by including record references in the certification order.

The petition for an extraordinary writ is denied. The order of certification may include the specific portions of the record referred to in this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.