Lynn **POULSEN, Plaintiff and Appellant,**

v.

Karren **FREAR,** Defendant and Appellee.

No. 960484–CA.

Court of Appeals of Utah.

Oct. 9, 1997.

Lynn Poulsen, Salt Lake City, Plaintiff and Appellant pro se.

Karren Frear, Salt Lake City, Defendant and Appellee pro se.

Before WILKINS, BENCH, and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Appellant Lynn Poulsen appeals the trial court's decision of no cause of action in her alienation of affections claim. Appellant claims the trial court made improper comments in its Rule 63(b) certifying order, the trial judge was biased against her, and the trial court improperly awarded Rule 11 sanctions. We affirm in part and reverse and remand in part.

## FACTS

Appellant filed a complaint alleging alienation of affections against Karren Frear Poulsen (Frear), and the case was assigned to Judge Tyrone Medley. Appellant appeared pro se throughout the proceedings. Although Frear also initially represented herself, for more than a year she was represented by counsel, who submitted numerous documents on Frear's behalf.

In a motion dated June 22, 1993, Frear requested the trial court impose Rule 11 sanctions against appellant. The trial court declined to award sanctions against appel-lant, but warned that "from this point forward [appellant] is admonished that she will be held accountable and subject to sanctions which could include dismissal for any further failures to follow the applicable rules of procedure or for any failure to act in good faith."

On October 6, 1995, appellant filed an affidavit alleging Judge Medley was biased against her. In her affidavit, appellant referred to instances in which Judge Medley ruled against her, and stated that Judge Medley had said he believed she was being coached. The thrust of appellant's affidavit was that Judge Medley was biased against pro se litigants and therefore would be unable to hear her case impartially. Judge Medley issued an order certifying appellant's affidavit to Judge Leslie Lewis for the purpose of determining the legal sufficiency of the affidavit. In his order, Judge Medley made substantial comments.

In a minute entry dated October 16, 1995, Judge Lewis referred appellant's case back to Judge Medley, concluding that appellant's affidavit did "not provide a basis for recusal. There is no showing of bias in fact."

After a three-day bench trial, Judge Medley ruled against appellant in her alienation of affections claim. Judge Medley also told appellant he was considering Rule 11 sanctions against her for filing the alienation of affections suit in order to harass Frear and appellant's ex-husband. Judge Medley also stated, "If I were to find that Rule 11 has been violated, then what we will definitely do is have a subsequent hearing. It will be a Rule 11 hearing, in essence, but I will include that in the written findings and conclusions you are going to receive from me."

On March 28, 1996, Judge Medley issued his final order. The order included the following conclusions of law:

8. The Court finds that no objective, reasonable person could certify after reasonable inquiry that this lawsuit is well-grounded in fact and is warranted by existing law and that it is not interposed for any improper purpose. Therefore, plaintiff has intentionally, willfully and maliciously violated Rule 11, Utah Rules of Civil Procedure.

9. The Court finds that plaintiff's action against Frear was unconscionably without merit and not asserted in good faith, therefore plaintiff is subject to the award provisions of section 78–27–56.

On April 17, 1996, appellant filed this appeal.

## ANALYSIS

### I. Rule 63(b)

Appellant first claims the comments Judge Medley made in his order certifying appellant's affidavit to Judge Lewis violated Rule 63(b) of the Utah Rules of Civil Procedure and improperly influenced Judge Lewis's decision that appellant's affidavit was legally insufficient.

Under Rule 63 when a party believes a judge is biased or prejudiced against her, the party must file an affidavit with the trial court stating why the party believes the judge is biased. *See* Utah R. Civ. P. 63(b). After the affidavit is filed, the judge against whom the allegations of bias or prejudice are made must follow the procedures detailed in Rule 63:

> If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge (naming him) of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the affidavit.

*Id.*

■ The Utah Supreme Court has recently specified what information a judge may include in an order certified to another judge under Rule 63(b). The court in *Young v. Patterson*, 922 P.2d 1280 (Utah 1996), held that, although "it is permissible for the certifying judge to append relevant portions of the record to the order," the judge may not include "advocacy or comment." *Id.* at 1282. The court recognized that this strict rule "will render a trial judge unable to defend against false or inaccurate allegations." *Id.* at 1281–82. However, the court found the strict application of Rule 63 necessary to avoid the " 'risk [of] improperly influencing the review by [the second judge] after certification.' " *Id.* at 1282 (alterations in original)

(quoting *Barnard v. Murphy*, 852 P.2d 1023, 1025 (Utah Ct.App.1993)).

Judge Medley's written order certifying the affidavit of bias to Judge Lewis included the following remarks:

> A final pretrial settlement conference was conducted in chambers on October 3, 1995. I asked both pro se' parties to identify their witnesses and give a brief description of their testimonies. Plaintiff responded by addressing motions and issues that had nothing to do with witnesses she intended to call at trial. I then instructed Plaintiff again to identify her witnesses and their testimonies and I told Plaintiff I was experienced with pro se' litigant's [sic] and that I intended to control the orderly process of the trial in order to keep to pro se' litigants['] point.
>
> At the settlement conference held in chambers on October 3, 1995 and at a prior hearing in open Court, Plaintiff requested that a male individual, not a member of the Utah State Bar, accompany her for observation and assistance purposes. On one occasion plaintiff requested that this male individual accompany her at counsel table. At the settlement conference I did make the statement that it appeared as if plaintiff was being coached and that at trial I would not allow either party to be coached.
>
> All rulings of this Court have been based upon the facts and the law, and not upon any bias or prejudice for or against either party.

■ Judge Medley's comments, which present his version of the incidents described in appellant's affidavit, are exactly the type of "advocacy or comment" that the Utah Supreme Court has determined is inappropriate in a Rule 63(b) order.

■ However, even though Judge Medley's comments were not proper, we are not persuaded they were prejudicial. The affidavit appellant submitted in support of her claim that Judge Medley was biased was insufficient on its face. Appellant's affidavit focused on two themes: that Judge Medley was biased against pro se litigants generally and that he had evidenced bias specifically

against appellant by ruling in favor of Frear.[1] At the conclusion of her affidavit, appellant stated:

> I feel that since Judge Medley has preconceived ideas about a Pro Se's abilities, he has already set the standard of no legal sufficiency on ruling on Motions and his attitude will continue if he is allowed to go to trial without a jury. Additionally, Judge Medley has an inappropriate interest in this case, and it appears that he only wants to get it off his calendar, and not to decide it on its legal merits.

■ A judge's behavior toward a party during court proceedings must be extreme to warrant a finding of prejudice under Rule 63(b). Disqualification under Rule 63(b) is warranted "only, when it appeared that, apart from [the judge's] analysis of the issues of fact or law, he had such a bias in favor of one party or prejudice against the other that he could not fairly and impartially determine the issues." *Orderville Irrigation Co. v. Glendale Irrigation Co.*, 17 Utah 2d 282, 288, 409 P.2d 616, 621 (1965).

The facts alleged in appellant's affidavit simply do not indicate the deep-seated antagonism toward appellant necessary to require disqualification. The affidavit was insufficient as a matter of law, and we therefore find Judge Medley's improper comments in his certifying order were harmless error.

## II. Actual Bias At Trial

■ Appellant next claims Judge Medley showed bias at trial by acting as an advocate for Frear. In so arguing, appellant points to numerous instances in which the trial court interrupted appellant during her examination of witnesses. In further support of her argument, appellant alleges the trial court ignored the testimony and evidence she presented and did not allow her to ask leading questions on direct examination to a hostile witness. She argues that because of the

judge's actions she was not allowed to adequately present her case.

The record supports appellant's claim that the trial court interrupted her numerous times. However, the trial court similarly interrupted Frear numerous times, refusing to allow evidence on the basis of relevance and hearsay and refusing to allow Frear to ask leading questions. Further, during Frear's questioning of witnesses, appellant made numerous objections, many sustained, many overruled by the judge. Although we agree with appellant that it is improper for a trial judge to interject himself into a controversy in order to level the playing field and can understand why appellant may have felt the trial court did so in this case, in carefully reviewing the record, we conclude the court gave appellant a fair hearing.

Appellant further alleges the trial court did not allow her to ask a hostile witness, her former husband, a leading question on direct examination. The question appellant refers to was a question meant to harass—although the trial court mistakenly stated the question was leading—for which appellant had previously been admonished. The record clearly shows the trial court allowed appellant to extensively examine her ex-husband through leading questions. Thus, appellant's argument that the trial court showed bias by not allowing her to adequately question her ex-husband also fails.

■ Finally, appellant alleges the trial court showed bias by ignoring the testimony of her witnesses. Trial courts are granted wide discretion in making factual findings because the trial court is " 'considered to be in the best position to assess the credibility of witnesses and to derive a sense of the proceeding as a whole, something an appellate court cannot hope to garner from a cold record.' " *State v. Pena*, 869 P.2d 932, 936 (Utah 1994) (quoting *In re J. Children*, 664

---

1. Appellant also claims Judge Medley incorrectly believed she requested that a non-party and non-lawyer sit at appellant's table in court. According to appellant, Frear corrected Judge Medley, explaining that she, Frear, had requested that Mr. Poulsen sit next to her at Frear's table. According to appellant, this misinformation erroneously led Judge Medley to conclude appellant was being coached, and also prejudiced Judge Lewis. Appellant, however, has failed to provide us with the portion of the transcript in which she claims Frear admitted having made the request for a non-lawyer to sit next to her in court. In any event, we find this information irrelevant to our disposition on this issue.

P.2d 1158, 1161 (Utah 1983)). Thus, the fact that a trial court gives more credence to some witnesses than others does not demonstrate bias.

After examining all alleged instances of bias, we conclude the record does not show that Judge Medley was actually biased against appellant at trial.[2]

### III. Rule 11 Sanctions

■ Finally, appellant contends that because the trial court ordered Rule 11 sanctions against her without first holding a hearing, she was denied her right to due process.[3] "Due process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances." *Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir. 1987). Before a court imposes sanctions on a party, due process requires that the party receive adequate notice and an opportunity to respond. *See id.* However, "the right to respond does not require an adversarial, evidentiary hearing." *Id.* at 1515. In most instances due process is satisfied if the trial court gives the party against whom the sanctions are to be imposed an opportunity to file a brief or to otherwise respond. *See id.; see also* Charles Allen Wright & Arthur R. Miller, 5A *Federal Practice and Procedure: Civil 2d* § 1337, at 129 (2d ed.1990) (before Rule 11 sanctions are imposed "[t]he accused must be given an opportunity to respond, either orally or in writing, to justify his or her actions"). When a court considers sanctions sua sponte, due process requirements are met if the court issues an order to show cause why sanctions should not be imposed and allows the party a reasonable time in which to file a response. *See Braley,* 832 F.2d at 1514.

■ When the trial court issued its decision at the end of the trial, the trial court stated it was considering sanctions against appellant and that a hearing would be held to allow appellant an opportunity to respond. Nevertheless, the court imposed sanctions on appellant in its final order without affording appellant a hearing or any other opportunity to respond. While a hearing was not necessary, the trial court should have allowed appellant some means to respond before imposing sanctions. We therefore reverse the sanctions imposed and remand for the trial court to allow appellant an opportunity to be heard on the Rule 11 sanctions.[4]

■ Appellant claims the trial court also erred in ordering her to pay Frear's attorney fees in its order without obtaining an affidavit of fees from Frear[5]. In the final order imposing fees on appellant, the trial court requested that Frear file an affidavit of fees. However, Frear never filed the affidavit. Appellant is correct that fees cannot be awarded unless supported by an affidavit and unless appellant has a chance to challenge the reasonableness of the fees, which can be

---

2. Furthermore, appellant has failed to provide us the entire record of the proceedings below. Appellant has not provided us with the transcripts of the testimony of several witnesses who appeared at trial. Without a complete record we have no way of determining if appellant selectively provided us portions of the testimony that supported her claim of bias while excluding others. *Cf. Carter v. State,* 879 P.2d 1234, 1242 (Okla.Crim.App.1994) (reviewing record as a whole for bias). Further, " '[i]f an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below.' " *Jolivet v. Cook,* 784 P.2d 1148, 1150 (Utah 1989) (citations omitted).

3. Appellant asserts the trial court committed other errors in imposing Rule 11 sanctions, but because of our disposition, we do not reach these alleged errors.

4. The amended version of Rule 11, effective April 1997, instructs a court exactly how to proceed when it wishes to impose sanctions sua sponte:

   On its own initiative, the court may enter an order describing the specific conduct that appears to violate subsection (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

   Utah R. Civ. P. 11(c)(1)(B).

5. The trial court did not state whether it imposed attorney fees under Rule 11 or under Utah Code Ann. § 78-27-56 (1996), and appellant did not challenge the legal basis of the fees. However, we note that under section 78-27-56, "the court *shall* award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought in good faith." Utah Code Ann. § 78-27-56(1) (1996) (emphasis added).

accomplished as part of the proceedings on remand.[6]

## CONCLUSION

We conclude that Judge Medley improperly included comments in the Rule 63(b) order he certified to Judge Lewis, but because appellant's affidavit of bias was insufficient as a matter of law, we hold the error was harmless. We further conclude the trial court was not biased against appellant. However, we hold the trial court erroneously ordered Rule 11 sanctions without affording appellant an opportunity to respond, and thus we reverse the Rule 11 sanctions and remand to allow appellant an opportunity to be heard. Finally, we conclude the trial court erred by ordering appellant to pay Frear's attorney fees without first obtaining an affidavit of fees and allowing appellant an opportunity to challenge the reasonableness of the fees.

WILKINS, Associate P.J., and BENCH, J., concur.

---

**6.** Appellant also states in her brief that Judge Medley's order imposing sanctions included "a warning for [appellant] not to appeal." We have reviewed Judge Medley's order and find no such warning. Judge Medley did state in his conclusions of law that "based upon the malicious nature of plaintiff's conduct in bringing this unconscionably meritless lawsuit *and the likelihood that plaintiff will persist in these activities,* a sanction more punitive [than attorney fees only] is appropriate." (Emphasis added.) Appellant may have interpreted "persist in these activities" to refer to appellant bringing an appeal after the judgment. However, in his findings of fact, Judge Medley stated:

> [Appellant's] deep-seated hate, anger and desire for vengeance against her ex-husband, his

parents, and the defendant, caused [appellant] to file this lawsuit willfully and maliciously for the purposes of punishing her ex-husband and defendant, for revenge and harassment. . . .

In context, it appears Judge Medley imposed additional sanctions in order to discourage appellant from filing another lawsuit for the purpose of harassing Frear or appellant's ex husband.

Additionally, at the close of the trial, Judge Medley told appellant, "[Y]ou will have every right to appeal." Although it would clearly be improper for a judge to warn a party not to appeal, the record here does not support appellant's allegation that Judge Medley warned her not to appeal his decision.