2019 UT App 73

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KEVIN GAVETTE,
Appellant.

Opinion
No. 20170894-CA
Filed May 2, 2019

Fourth District Court, Provo Department
The Honorable Samuel D. McVey and Kraig Powell
No. 151402980

Neil D. Skousen, Attorney for Appellant

Sean D. Reyes, Nathan D. Anderson, and
Christopher D. Ballard, Attorneys for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

HAGEN, Judge:

¶1 When faced with a motion to disqualify, a judge has only two options: grant the motion or certify the motion to a reviewing judge for decision. Under rule 29(b)(2)(A) of the Utah Rules of Criminal Procedure, "[t]he judge shall take no further action in the case until the motion is decided." Failure to comply with this rule renders void any further proceedings presided over by that judge. Because this case proceeded to trial despite a pending motion to disqualify the judge, we must vacate the conviction and remand for a new trial.

BACKGROUND

¶2     Kevin Gavette was charged with one count of filing a false or fraudulent insurance claim. During the preliminary hearing, the trial judge saw Gavette shaking his head during a witness's testimony. The trial judge interrupted the State's direct examination and advised defense counsel:

> [Y]our client's shaking his head. He ought to know
> that that makes me think he's lying so—he's a liar,
> so he shouldn't be doing that. So, okay? Go ahead.

Defense counsel offered no response to the judge's comment, and the hearing proceeded. The judge bound Gavette over for trial.

¶3     About eight months later, Gavette filed a motion to disqualify the judge under rule 29 of the Utah Rules of Criminal Procedure. In support of the motion, Gavette argued that the judge's comments at the preliminary hearing would cause a reasonable person to doubt whether the judge could be impartial and unbiased toward Gavette. Specifically, Gavette argued that the judge's "comment regarding [Gavette] to be a liar, evidences [the judge's] opinion that [Gavette] would not tell the truth if he were to testify at trial."

¶4     The judge did not grant the rule 29 motion nor did he certify the motion to a reviewing judge. *See* Utah R. Crim. P. 29(b)(2)(A). Instead, the judge proceeded with a previously scheduled hearing on a motion to continue the trial. At the outset of that hearing, defense counsel raised the issue of the pending motion:

> [DEFENSE COUNSEL]: . . . I did find—file a
> motion to recuse. Personally I thought I did it too
> late.

THE COURT: Right.

[DEFENSE COUNSEL]:—and I thought I had qualmed my client's—

THE COURT: Okay.

[DEFENSE COUNSEL]:—the problems he thought that he was having, and it was—

THE COURT: Uh-huh.

[DEFENSE COUNSEL]:—regarding the statement that the Court had made during [the] preliminary hearing back in January 25th of this year.

[Defense counsel proceeds to read the relevant portion of the preliminary hearing transcript.]

THE COURT: Yeah.

[DEFENSE COUNSEL]: That's as far as it went, and then in the course of the investigation with my investigator, he comes back to me on September 26th saying, "You know, I really think this is a problem," feeling that I had to look into it more. I did discuss this with two of my cohorts who thought, well, better safe than sorry. Maybe I should file something. I realize that it's rather late, but I just—

THE COURT: Okay.

[DEFENSE COUNSEL]:—I wasn't sure what to do, so I just—

THE COURT: Okay. All right, thank you, then. Okay, good. Anything else, then?

> [PROSECUTOR]: Do you want to talk about your issue with the witness or—
>
> [DEFENSE COUNSEL]: Oh, okay. That's bad.
>
> THE COURT: Okay.

Defense counsel then proceeded to discuss the need to continue the trial to locate a defense witness.

¶5 The case proceeded to trial and a jury found Gavette guilty of filing a fraudulent insurance claim. After sentencing, Gavette filed post-trial motions, including a motion to set aside the judgment as void under rule 60(b)(4) of the Utah Rules of Civil Procedure because the trial judge had proceeded to trial and sentencing without either granting the motion to disqualify or certifying it to a reviewing judge as required by rule 29 of the Utah Rules of Criminal Procedure.

¶6 Due to the trial judge's retirement, Gavette's post-trial motions were heard by a newly assigned judge. The post-trial judge recognized that rule 29 directs a judge to "take no further action in the case until the motion is decided," but noted that the rule "does not state that the Court loses jurisdiction over the case or over the defendant if the judge acts contrary to this directive and takes further action in the case without the motion being decided." Given that Gavette had cited "no specific authority for his contention that a trial judge's failure to follow the procedure prescribed by rule 29 renders void any judgment entered in the case," the court denied the motion to set aside the judgment as void. Gavette appeals.

ISSUE AND STANDARD OF REVIEW

¶7 On appeal, Gavette argues that his conviction must be set aside due to the trial judge's failure to comply with rule 29(b) of

the Utah Rules of Criminal Procedure.[1] "As this issue implicates the trial judge's authority—a question of law—we review for correctness, affording no deference to the trial court." *Pugh v. Dozzo-Hughes*, 2005 UT App 203, ¶ 17, 112 P.3d 1247.

ANALYSIS

¶8      Gavette argues that his conviction is void because the trial judge lacked authority to conduct further proceedings while the disqualification motion was pending. Once a motion to disqualify is filed, rule 29(b) of the Utah Rules of Criminal Procedure dictates the following procedure:

> The judge against whom the motion and affidavit are directed shall, without further hearing, enter an order granting the motion or certifying the motion and affidavit to a reviewing judge. The judge shall take no further action in the case until the motion is decided.

Utah R. Crim. P. 29(b)(2)(A). The language in rule 29(b) mirrors that in rule 63 of the Utah Rules of Civil Procedure.[2] Both rules present the trial judge with a binary choice: "recuse him- or

---

1. Gavette also challenges his conviction by alleging partiality on the part of the trial judge and ineffective assistance of counsel. We need not reach these additional issues because we conclude that the rule 29(b) issue is dispositive.

2. Although the cases cited herein refer to rule 63(b)(2) of the Utah Rules of Civil Procedure, the relevant provision is now codified at rule 63(c)(1). Utah R. Civ. P. 63(c)(1). There have been no substantive changes to the rule's language with respect to that provision. *Compare id.* R. 63(b)(2) (2015), *with id.* R. 63(c)(1) (2018).

herself, or if he or she questions the legal sufficiency of the affidavit, certify the matter to another named judge for a ruling on its legal sufficiency." *Barnard v. Murphy*, 852 P.2d 1023, 1025 (Utah Ct. App. 1993); *see also* Utah R. Crim. P. 29(b)(2)(A).

¶9   The important policy behind the rules governing disqualification "is to insulate trial judges from participating in unseemly disputes regarding their impartiality and thereby to preserve the appearance (as well as the actuality) of the detachment necessary to the legitimacy of our court system." *Young v. Patterson*, 922 P.2d 1280, 1281 (Utah 1996). Although "the rule is vulnerable to abuse by unscrupulous parties or their counsel," such "potential for abuse is preferable to the alternative of requiring or permitting trial judges to engage in disputes about their capacity to hear cases when their impartiality has been questioned." *Id.* at 1281–82. And, in practice, a short recess is often all that is necessary for a reviewing judge to determine that a patently frivolous motion is legally insufficient.

¶10   In this case, the trial judge took neither available option. Instead, the judge disregarded the motion to disqualify and continued to preside over the case. The State acknowledges that, normally, "it would be error for a judge to continue to preside over a case without first resolving a recusal motion." But the State contends that there was no error in this case because Gavette abandoned the recusal motion, invited the error, or, at least, failed to preserve the issue below. Although Gavette never expressly moved to withdraw his motion, the State points to defense counsel's sheepish attempts to justify the motion to the trial judge, acknowledgment that the motion might ultimately be deemed untimely, and failure to object when the trial judge continued to preside over the case.

¶11   Rather than supporting a conclusion of no error in this case, the transcript of the hearing on the motion to continue

underscores the wisdom of rule 29. Gavette was placed in the unenviable position of having to defend the motion to the judge he sought to disqualify—the very situation that rule 29 is designed to avoid. The trial judge's dismissive response— "Okay. All right, thank you, then. Okay, good. Anything else, then?"—signaled that the court intended to proceed despite the pending disqualification motion. When the prosecutor next suggested that they turn to Gavette's "issue with the witness," defense counsel replied, "Oh, okay. That's bad," then turned to the argument in support of a continuance. By doing so, defense counsel did not abandon the disqualification issue or invite the court to take further action in the case. Nor was Gavette obligated to remind the trial judge that the recusal motion must be granted or certified to a reviewing judge. The requirements of rule 29(b) are automatically triggered when a disqualification motion is filed. *See* Utah R. Crim. P. 29(b)(2)(A). Moreover, the motion is deemed submitted for decision upon filing. *See id.* R. 29(b)(1)(D). Accordingly, the motion itself functioned as the objection to the trial judge presiding over further proceedings and preserved the issue for appeal.

¶12 The trial court's error in failing to comply with rule 29(b) necessitates a remand for a new trial. Rule 29(b) expressly states that the judge subject to the disqualification motion "shall take no further action in the case until the motion is decided." *Id.* R. 29(b)(2)(A). Our courts have construed identical language in rule 63(b)(2) of the Utah Rules of Civil Procedure to mean that once a disqualification motion is filed, the trial judge lacks authority to proceed until the motion is decided and any action taken by the court in the intervening time is void. *See Pugh v. Dozzo-Hughes*, 2005 UT App 203, ¶ 21, 112 P.3d 1247 (holding that where a trial judge held a hearing while a rule 63(b) motion to disqualify was pending, "any action taken during the hearing is void").

¶13 In *Anderson v. Anderson*, 368 P.2d 264 (Utah 1962), for example, the Utah Supreme Court construed the language of

rule 63(b) to require a new trial where the trial judge denied the disqualification motion without certifying it to a reviewing judge. *Id.* at 265. The court explained, "If the rule means anything at all, it means what is plainly stated to the effect that the judge against whom the affidavit of bias and prejudice [is filed] thereafter cannot proceed to hear the issue himself." *Id.* The court concluded that the case "must be remanded for another trial" because "any order of judgment based on evidence thereafter taken by [the judge] would be ineffective against the affiant." *Id.* Two years later, the court extended the provisions of rule 63(b) to criminal cases, holding that the rule was "equally or more apropos in criminal cases." *Pons v. Faux*, 396 P.2d 407, 408 (Utah 1964). The court noted that the rule had been construed in civil cases, citing *Anderson*, and that "such construction in futuro is applicable to criminal cases." *Pons*, 396 P.2d at 408–09.

¶14     In this case, the trial judge lacked authority to proceed once the motion for disqualification was filed. Because the court did not certify the motion to a reviewing judge as required by rule 29(b), the motion remained pending and all subsequent actions taken by the trial judge—including the trial, sentencing, and entry of judgment—are void. Accordingly, we vacate Gavette's conviction and remand for a new trial.

## CONCLUSION

¶15     The trial judge erred in failing to either grant the motion to disqualify or certify the motion to a reviewing judge as required by rule 29(b) of the Utah Rules of Criminal Procedure. Because the trial judge lacked authority to preside over the case while the motion was pending, we vacate Gavette's conviction and remand for a new trial.

_____