STATE of Utah, Plaintiff and Appellant,

v.

DeVere COOLEY, Defendant
and Respondent.

No. 15339.

Supreme Court of Utah.

Feb. 6, 1978.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, David L. Mower, Garfield County Atty., Panguitch, for plaintiff and appellant.

Patrick H. Fenton, Cedar City, for defendant and respondent.

ELLETT, Chief Justice:

The facts of this case as stipulated to are as follows: Appellant was arrested and given two citations. One was for failing to stop his motor vehicle at the command of a police officer; the other was for two offenses, viz: (a) driving with an improper license and (b) having no tail light on a boat trailer attached to the motor vehicle.

The defendant pleaded guilty before a Justice of the Peace to the charges of no driver's license and no tail light and paid the fines assessed against him. When the defendant was arraigned on the charge of failing to stop at the command of a police officer, he pleaded once in jeopardy pursuant to U.C.A., 1953, 76–1–402(2), Laws of Utah, 1974, Chp. 32. That section provides:

(1) A defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode; . . .

(2) Whenever conduct may establish separate offenses under a single criminal episode, unless the court otherwise orders to promote justice, a defendant shall not be subject to separate trials for multiple offenses when:

(a) The offenses are within the jurisdiction of a single court, and

(b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment.

He contends that since the citations were issued at the same time he cannot be charged with this instant matter since the prosecuting attorney knew of all the charges when they were made before the Justice of the Peace Court. The district court was of the opinion that the present action would not lie and dismissed the information. The state has brought this appeal which it may do pursuant to U.C.A., 1953, 77–39–4(1).[1]

It is to be observed that the two charges before the Justice of the Peace were Class B misdemeanors[2] and were triable before the Justice of the Peace on a complaint,[3] while the charge of failing to stop his vehicle at the command of a police officer is an indictable misdemeanor[4] triable only on information or indictment in the district court.

Article VIII, Section 7 of the Utah Constitution provides:

> The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, *and not prohibited by law*; . . . [Emphasis added.]

The legislature did provide by law[5] the following:

> All public offenses triable in the district courts, except cases appealed from justices' and city courts, must be prosecuted by information or indictment, . . .

It thus is evident that the provisions of U.C.A., 1953, 76–1–402(2)(a) relating to a single criminal episode does not apply for the reason that the crime of failing to stop a vehicle at the command of a police officer cannot be tried in the same court where the other two crimes must be tried.

In the case of *Hakki v. Faux*[6] the plaintiff had been charged with a misdemeanor in a complaint filed in the district court.

The district judge thought he could try it and in order to prevent his doing so, the defendant there brought this writ of prohibition against any further proceeding in the district court on the complaint filed therein. In granting the writ, this Court held:

> Concluding, as we must, in the light of statutes and case authority that the proper procedure for invoking the original jurisdiction of the District Court has not been followed, the District Court was powerless to act in this matter. The Writ of Prohibition lies to prevent the judge from proceeding with the trial. It is so ordered.

The order of the trial court dismissing the information is reversed and the case remanded for a trial on the merits.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting).

For the following reasons, I dissent.

I cannot agree with the specious reasoning of the majority opinion which in effect nullifies an unambiguous, specific statutory provision. All statutory references are to U.C.A., 1953.

76–1–402(2), provides:

> Whenever conduct may establish separate offenses under a single criminal episode, unless the court otherwise orders to promote justice, a defendant *shall not be subject to separate trials* for multiple offenses when:
>
> (a) The offenses are within *the jurisdiction of a single court*, . . . .. [Emphasis supplied.]

The offenses were within the jurisdiction of a single court—the district court.

Article VIII, Sec. 7, Constitution of Utah, provides:

---

**1.** *State v. Davenport*, 30 Utah 2d 298, 517 P.2d 544 (1973).

**2.** U.C.A., 1953, 41–2–28; 41–2–29; 41–6–120; 41–6–164.

**3.** *Spangler v. District Court of Salt Lake County*, 104 Utah 584, 140 P.2d 755 (1943).

**4.** U.C.A., 1953, 41–6–169.10.

**5.** U.C.A., 1953, 77–16–1.

**6.** 16 Utah 2d 132, 396 P.2d 867 (1964).

The District Court shall have original jurisdiction in *all matters* civil and *criminal,* not excepted in this Constitution, and not prohibited by law; . . .[1]

There is no constitutional or statutory provision which deprives the district court of jurisdiction to try the Class B misdemeanors with which defendant was charged.[2]

The majority opinion indulges in judicial gerrymandering in contradiction of the terms of the statute. The test under subsection (2)(a) should be, is there a court which has jurisdiction of all the offenses charged arising out of a single criminal episode? The prosecution cannot avoid the proscription of subsection (2) by proceeding before a court of limited jurisdiction, when there is, in fact, *a single court* which has jurisdiction (the power) to try all the offenses charged.

To attain the result desired in the majority opinion it is necessary to construe Sec. 77–16–1 as a specific denial by the legislature of jurisdiction to the district court to try misdemeanor charges triable in inferior courts. The effect of this interpretation is to deny by indirection the jurisdiction specifically conferred by statute and the constitution on the district courts. It is perplexing that the legislature, if it desired to deny the district court jurisdiction in such cases, did not express itself in the same clear manner that it did in Sec. 78–5–5, U.C.A., 1953, wherein it conferred exclusive, original jurisdiction on city and town justices of the peace in certain cases.[3]

The interpretation by the majority of Sec. 77–16–1, is tantamount to judicial legislation whereby this Court has decreed that the inferior courts have exclusive, original jurisdiction of all public offenses of a lesser degree than a Class A misdemeanor. I cannot glean any legislative intent to confer or deny jurisdiction within the Code of Criminal Procedure; rather matters concerning jurisdiction of the courts of this state are clearly set forth in Title 78, Chapters 1 through 6.

Section 77–16–1 should be construed in connection with Section 77–1–4, which provides:

Every public offense must be prosecuted by information . . . except:

\* \* \* \* \* \*

(3) Offenses triable in city, justices' and police courts.

These two statutes merely confirm the classification of offenses into two categories, but the jurisdiction of the courts must be found elsewhere in the code.

77–16–1 is a reaffirmation of Sec. 77–1–4, that every public offense must be prosecuted by information unless it is of the less serious type which might be tried in an inferior court. These two statutes merely refer to the jurisdiction of the respective courts and the appropriate procedure depending on the classification of the offense. They do not in any way confer or limit the jurisdiction of any court.

In *State v. Johnson*[4] the majority opinion suggested that the two foregoing statutes constituted a certain procedure laid down by the legislature for invoking the jurisdiction of the district court. The rationale was that although a tribunal may have jurisdiction of the subject matter, the right to proceed under that jurisdiction may depend on a condition precedent, viz., the jurisdiction must be invoked according to a certain procedure. The court expressed the view that in the case of misdemeanors, the jurisdiction of the district court could be invoked in two ways only: First, by appeal; second, if it appeared by certificate that there was no justice of the peace qualified

---

1. This provision is reiterated in Sec. 78–3–4, U.C.A., 1953.

2. The offenses charged were violations of state law. The majority opinion would be correct if the alleged violations had been of a city or town ordinance. Sec. 78–5–5, U.C.A., 1953, confers exclusive, original jurisdiction on city and town justices of the peace of cases arising under or by reason of the violation of any city or town ordinance.

3. See note 2, supra.

4. 100 Utah 316, 114 P.2d 1034 (1941).

to try the case. However, the majority opinion explained that it was a matter of venue, viz., the proper venue for the commencement of an action for a non-indictable misdemeanor had been laid in the justices' court or the city court. This Court stated:

> . . . The matters presented did not go to the jurisdiction but only venue. The court being one of general jurisdiction had jurisdiction of the subject matter of misdemeanors, . . . not having raised the question of venue, defendant waived it. . . .[5]

In a concurring opinion, Justice Pratt stated:

> . . . But the writer is of the opinion that section 105–16–1 [Sec. 77–16–1] was not passed with the thought of excluding misdemeanors from the District Court. It was passed merely as an effort to make uniform the procedure as to felonies and indictable misdemeanors, which the legislature contemplated would be the bulk of the trials before the District Court. It is a section enacted to conform to Section 105–1–4 [Sec. 77–1–4] and to Section 13 of Article I of the Constitution, both of which deal with felonies and indictable misdemeanors but not with misdemeanors.[6]

Section 76–1–402(2) confers a valuable right on one charged with multiple offenses under a single criminal episode—he is not compelled to face the emotional trauma and expense of several trials, if his circumstances fall within the qualifying terms. Even under the reasoning of the majority opinion in *State v. Johnson*, the jurisdiction of the district court could be invoked, for the justice of the peace would not have jurisdiction (would not be qualified) to try all the offenses charged. Furthermore, Sec. 76–1–402(2), is a later enactment, conferring a substantive right, and it should be held, if it be necessary, to modify an earlier, procedural enactment.

*State v. Johnson*, clearly concedes, the district court had jurisdiction to try a misdemeanor.[7] 76–1–402(2)(a) requires only that the offenses be within the jurisdiction of a single court; there are no further qualifications in this regard. Defendant's circumstances met the qualifications of the statute.

The trial court should be affirmed.

---

5. At p. 335 of 100 Utah, at p. 1043 of 114 P.2d.

6. At p. 339 of 100 Utah, at p. 1044 of 114 P.2d.

7. In this connection, see the dissent of Chief Justice Henriod, in which Justice Crockett concurred, in *Hakki v. Faux*, 16 Utah 2d 132, 396 P.2d 867 (1964).