STATE of Utah, Plaintiff and Respondent,

v.

Johnny Frank SOSA, Defendant and Appellant.

No. 15929.

Supreme Court of Utah.

July 5, 1979.

---

1. 66 C.J.S. New Trial Section 82b.

2. *Garrett v. Osborn*, 164 Colo. 31, 431 P.2d 1012 (1968).

3. Id. at 1013.

4. See *Hetrick v. Dame*, Colo.App., 536 P.2d 1153 (1975).

Reed M. Richards of Public Defender Assn., Ogden, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William B. Barrett, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for plaintiff and respondent.

HALL, Justice:

Appeal from a conviction of possession of a dangerous weapon by a convicted person [1] on the grounds that the prosecution was barred by the "single criminal episode" pro-visions of Utah's Criminal Code [2] and in violation of the double jeopardy doctrine.[3]

On June 4, 1977, at about 1:30 a. m. a van stopped in front of a bar on 25th Street in Ogden and someone from within the van fired several rifle shots towards a group of people. Shortly thereafter, three police officers stopped a van matching the description of the suspect vehicle. The police identified appellant as the man who exited from the driver's side when the van came to a stop. A .22 rifle without a stock but in operable condition with a live round in the firing chamber was found under the front seat and a second, unloaded .22 rifle was found between the seats.

Two complaints were filed in the Ogden City Court. The first was filed on June 6, 1977, and charged the appellant with the misdemeanors of carrying a loaded firearm in a vehicle [4] and possession of marijuana. The second was filed on June 7, 1977, and charged the appellant with the felony of possession of a firearm by a convicted person.[5]

The misdemeanor charges were tried in the city court and on July 5, 1977, appellant was found guilty of both charges.

The felony charge proceeded through preliminary hearing [6] in the city court and the appellant was thereafter bound over for trial in the district court.[7] Consequently, on June 29, 1977, an information was filed in the Second Judicial District Court.[8] Appellant was tried before that court, trial by jury having been waived. He was convicted of the charge on September 22, and was subsequently sentenced to serve 0–5 years at the Utah State Prison.

Appellant's first point on appeal is that the trial court erred in not ruling that the district court prosecution was barred by the single criminal episode provisions of the

1. In violation of U.C.A., 1953, 76–10–503(1).

2. U.C.A., 1953, 76–1–401 et seq.

3. Constitution of Utah, Art. I, Sec. 12; Fifth Amendment of the United States Constitution.

4. U.C.A., 1953, 76–10–505.

5. Supra, footnote 1.

6. Provided for by U.C.A., 1953, 77–15–1 et seq.

7. Pursuant to U.C.A., 1953, 77–15–19.

8. Pursuant to U.C.A., 1953, 77–16–1 et seq.

Utah Code.[9] The pertinent statutory provisions include the following:

U.C.A., 1953, 76–1–403(1). If a defendant has been prosecuted for one or more offenses arising out of a single criminal episode, a subsequent prosecution for the same or a different offense arising out of the same criminal episode is barred if:

(a) The subsequent prosecution is for an offense that was or should have been tried under section 76–1–402(2) in the former prosecution; and

(b) The former prosecution:

(i) Resulted in acquittal; or

(ii) Resulted in conviction; or

\*　　\*　　\*　　\*　　\*　　\*

U.C.A., 1953, 76–1–402(2). Whenever conduct may establish separate offenses under a single criminal episode, unless the court otherwise orders to promote justice, a defendant shall not be subject to separate trials for multiple offenses when:

(a) The offenses are within the jurisdiction of a single court, and

(b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment.

The argument is basically that all of the offenses charged arose from a "single criminal episode"[10] and that because they are all within the jurisdiction of a single court the prosecution for possession of a firearm by a convicted person should have been barred.

Article VIII, Sec. 7 of the Utah Constitution provides as follows:

The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and *not prohibited by law* ; appellate jurisdiction from all inferior courts and tribunals, and a supervisory control of the same. ．．． [Emphasis added.]

District courts therefore have general jurisdiction over all criminal matters including non-indictable misdemeanors. However, venue has historically been held to lie in justice's and city courts.[11] In *State v. Johnson* the Court held as follows:

The statute having laid the initial venue of misdemeanor cases in the city or justice's court, the parties have a legal right to insist that the action proceed in the proper venue. ．．． It is a right personal to the defendant to have his cause tried in the court of proper venue, but if he willingly submits the matter to a court having jurisdiction of the subject matter of the action he is bound by the verdict or the judgment.

The prosecution of non-indictable misdemeanors in the justice's or city courts is provided for by legislative enactments. Pursuant to the constitutional provision, the following statutes have been "provided by law":

U.C.A., 1953, 77–16–1. All public offenses triable in the district courts, except cases appealed from justices' and city courts, must be prosecuted by information or indictment ．．．．

U.C.A., 1953, 78–5–4(1). Justices' courts[12] have jurisdiction of the following public offenses committed within the respective counties in which such courts are established:

(a) All class B and class C misdemeanors punishable by a fine less than $300 or by imprisonment in the county jail or municipal, prison not exceeding six months, or by both such fine and imprisonment.

(b) All infractions and the punishments prescribed for them.

■ A felony or indictable misdemeanor must therefore be prosecuted by information or indictment in the district court. On

---

9.　Supra, footnote 2.

10.　U.C.A., 1953, 76–1–401.

11.　*Hakki v. Faux*, 16 Utah 2d 132, 396 P.2d 867 (1964); *State v. Johnson*, 100 Utah 316, 114 P.2d 1034 (1941), and cases cited therein.

12.　Although since altered by the Circuit Court Act of 1977 (U.C.A., 1953, 78–4–1 et seq.), at the time of this prosecution, city courts had the same jurisdiction over criminal actions as are prescribed for justices of the peace. See U.C.A., 1953, 78–4–16.

the other hand, a non-indictable misdemeanor is appropriately prosecuted by complaint in justice's or city courts. We have regarded this latter practice to have been designed as an attempt to relieve the district courts of their already heavy work loads.[13]

The single criminal episode statute is strictly procedural in nature. It requires that when a defendant is brought before a court, all offenses arising from a single incident which are triable before that court be charged at the same time. If separate charges can be joined, they should be. But if joinder is not permissible, the state is not required to choose to prosecute only some of the offenses committed by a defendant. To hold otherwise would frustrate sound public policy and circumvent the demands of justice.[14]

This is totally consistent with our decision in *State v. Cooley.*[15] In that case, the defendant committed three offenses within the same course of conduct. Two of the offenses were class B misdemeanors and the third was an indictable misdemeanor, triable only in district court. In that case we held as follows:

> It thus is evident that the provisions of U.C.A., 1953, 76–1–402(2)(a) relating to a single criminal episode does not apply for the reason that the crime of failing to stop a vehicle at the command of a police officer [an indictable misdemeanor] cannot be tried in the same court where the other two crimes [class B misdemeanors] must be tried.

Appellant's second point on appeal is that the double jeopardy doctrine barred the district court prosecution. Both the State and Federal provisions[16] provide, in substantially the same language, that no person shall be twice put in jeopardy for the same offense.

Appellant's city court conviction was for carrying a loaded firearm in a vehicle. The applicable criminal code provision[17] reads as follows:

> Every person who carries a loaded firearm in a vehicle or on any public street in an incorporated city or in a prohibited area of an unincorporated territory within this state is guilty of a class B misdemeanor.

Appellant's district court conviction was for possession of a dangerous weapon by a convicted person, also in violation of the Criminal Code.[18]

> Any person who is not a citizen of the United States, or any person who has been convicted of any crime of violence under the laws of the United States, the state of Utah, or any other state, government, or country, . . . shall not own or have in his possession or under his custody or control any dangerous weapon as defined in this part. Any person who violates this section is guilty of a class A misdemeanor, and if the dangerous weapon is a firearm or sawed-off shotgun he shall be guilty of a felony of the third degree.

In *State v. Harris,*[19] we held "that the twice in jeopardy rule protects against subsequent prosecution *only for the same offense.*" (Emphasis added.) Likewise, the United States Supreme Court in *Brown v. Ohio*[20] held as follows:

---

13. *Pons v. Faux*, 16 Utah 2d 93, 396 P.2d 407 (1964).

14. It should be noted that by the express provisions of the statute itself, a defendant should not be subject to separate trials for multiple offenses "unless the court otherwise orders to promote justice."

15. Utah, 575 P.2d 693 (1978).

16. Supra, footnote 3; see also U.C.A., 1953, 77-1-10.

17. Supra, footnote 4.

18. Supra, footnote 1.

19. 30 Utah 2d 354, 517 P.2d 1313 (1974), citing *State v. Thatcher*, 108 Utah 63, 157 P.2d 258 (1945).

20. 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

This test [21] emphasizes the elements of the two crimes. "If each requires proof that the other does not, the *Blockburger* test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . ." [Citation omitted.]

Because the elements of appellant's separate prosecutions differ, and either offense could have been established without establishing the other, the double jeopardy doctrine does not apply in the instant case.

The conviction is affirmed.

CROCKETT, C. J., and WILKINS, J., concur.

MAUGHAN, Justice (dissenting):

In my view, the main opinion nullifies the plainly expressed intent of the legislature in Sec. 76–1–402(2) of our new penal code; misinterprets Sec. 77–16–1; and glides too easily over Article VIII, Sec. 7, Constitution of Utah. For those reasons, and the more extensive discussion of them in my dissent in *State v. Cooley*, Utah, 575 P.2d 693, 694–696 (1978), I dissent. Statutory references are to U.C.A.1953.

STEWART, J., concurs in the views expressed in the dissenting opinion of MAUGHAN, J.

---

**21.** Referring to the test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) which held as follows:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.