**James H. HUPP, Plaintiff and Appellant,**

v.

**Hon. S. Mark JOHNSON, Judge of the Circuit Court, State of Utah, Davis County, Bountiful Department, Defendant and Respondent.**

**No. 16603.**

Supreme Court of Utah.

Jan. 28, 1980.

---

**254**

L. E. Richardson, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

STEWART, Justice:

This is an appeal from the denial of a petition for an extraordinary writ to require a Circuit Court judge to dismiss a drunk driving complaint, see § 41–6–44 U.C.A. (1953), as amended, after the judge had accepted guilty pleas on three other citations issued at the same time for driving (a) without a license (§ 41–2–2); (b) without a registration certificate (§ 41–1–18), and (c) without a safety sticker (§ 41–6–158).

The only issue on appeal is whether the citations were part of a "single criminal episode." Section 76–1–403 bars prosecution of subsequent charges after one or more charges arising out of a single criminal episode have been disposed of by trial or guilty plea. Section 76–1–401 provides:

"Single criminal episode" defined—Joinder of offenses and defendants.—In this part unless the context requires a different definition, "single criminal episode" means all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective.

Hupp takes the position that the "driving" was closely related to and "incident" to the "single criminal objective" of driving his car illegally.

We reject the contention that § 76–1–401 is applicable. The citations charge separate, independent offenses which were committed at different times and were entirely unrelated to each other. The four offenses were not committed to accomplish a "single criminal objective."

The order of the trial court is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.