2009 UT App 249

**SALT LAKE CITY, Plaintiff and Appellant,**

v.

**Gregory William WEINER, Defendant and Appellee.**

**No. 20080965–CA.**

Court of Appeals of Utah.

Sept. 11, 2009.

---

Simarjit Singh Gill, Paige Williamson, Danielle Dallas, and Mitchell F. Park, Salt Lake City, for Appellant.

Elizabeth Hunt, Salt Lake City, for Appellee.

Before Judges GREENWOOD, BENCH, and DAVIS.

## OPINION

BENCH, Judge:

¶ 1 Salt Lake City (the City) appeals the district court's dismissal of charges against Defendant Gregory William Weiner. The City claims that the district court erroneously concluded that the creation of the Salt Lake City Justice Court divested the Third District Court of its original jurisdiction over Defendant's alleged class B misdemeanors. We agree with the City because the statute delineating jurisdiction in class B misdemeanor cases did not expressly state that the subsequent creation of a justice court divests the district court of properly acquired original jurisdiction. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 On February 14, 2002, the City filed an information in the Third District Court charging Defendant with issuing a bad check, theft by deception, and possession of a controlled substance. Each of these offenses was alleged to have occurred in May 2001 within the corporate limits of the City. Each offense is a class B misdemeanor. *See* Utah Code Ann. § 76-6-505(3)(a) (1999); Salt Lake City, Utah Code §§ 11.36.040, 11.24.020 (2001).

¶ 3 When the information was filed, the Third District Court had jurisdiction over the alleged offenses. However, in July 2002, the Salt Lake City Justice Court was created. Rather than refiling an information in the new justice court, the City continued its prosecution of Defendant in the district court. Several years lapsed. For reasons not apparent in the record, Defendant's case was not resolved prior to the passing of the statutory period for filing an information with the justice court.

¶ 4 In August 2008, Defendant filed a motion to dismiss, claiming that the district court lacked jurisdiction over him. Specifically, Defendant argued that the creation of the Salt Lake City Justice Court had divested the Third District Court of jurisdiction over his class B misdemeanors. The district court subsequently granted Defendant's motion, reasoning that jurisdictional issues are procedural in nature and that statutory changes to procedural matters are to be applied retroactively. The district court concluded that the statutory provisions directing jurisdiction over class B misdemeanors to a justice court divested the district court of jurisdiction. The district court therefore dismissed the City's case against Defendant. The City now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The City claims that the district court erroneously concluded that the creation of the Salt Lake City Justice Court divested the Third District Court of its original jurisdiction over Defendant's alleged class B misdemeanors. "Whether the district court has jurisdiction is a question of law that we review for correctness, giving no deference to the lower court." *State v. Norris,* 2007 UT 6, ¶ 10, 152 P.3d 293.

## ANALYSIS

¶ 6 The Utah Constitution states, "The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute. . . ." Utah Const. art. VIII, § 5; *accord* Utah Code Ann. § 78A–5–102(1) (2008) ("The district court has original jurisdiction in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law.").[1] By statute, the district court's subject matter jurisdiction over class B misdemeanors is limited. *See* Utah Code Ann. § 78A–5–102(8) (2008). Specifically, the district court has jurisdiction over class B misdemeanors only if

(a) there is no justice court with territorial jurisdiction;

(b) the offense occurred within the boundaries of the municipality in which the district courthouse is located and that municipality has not formed, or formed and then dissolved, a justice court; or

(c) they are included in an indictment or information covering a single criminal episode alleging the commission of a felony or a class A misdemeanor.

*Id.* § 78A–5–102(8)(a)–(c). Otherwise, "[j]ustice courts have jurisdiction over class B . . . misdemeanors . . . committed within their territorial jurisdiction." Utah Code Ann. § 78A–7–106(1) (2008).

¶ 7 Defendant does not dispute that the district court's jurisdiction attached when, in February 2002, the City filed its information.[2] He claims, however, that the statute addressing district court jurisdiction does not expressly grant district courts the authority to retain jurisdiction over class B misdemeanor cases that were properly initiated there but not concluded prior to the creation of a justice court. Defendant argues that the statute's silence indicates a legislative intent to prohibit district courts from retaining jurisdiction over such cases and that the creation of the Salt Lake City Justice Court in July 2002 therefore divested the Third District Court of its jurisdiction over his case.

¶ 8 We disagree. The Utah Supreme Court has declared, "We presume that our district courts retain their grant of constitutional jurisdiction in the absence of a *clearly expressed* statutory intention to limit jurisdiction." *Labelle v. McKay Dee Hosp. Ctr.*, 2004 UT 15, ¶ 8, 89 P.3d 113 (emphasis added). Thus, any divestiture of the district court's jurisdiction cannot be inferred from statutory silence but must be found in express language. In the absence of such language, a court's jurisdiction continues where jurisdiction attached at the time the suit was properly filed. *See, e.g., National Parks & Conservation Ass'n v. Board of State Lands*, 869 P.2d 909, 912 (Utah 1993) (concluding that a new statute did not divest the court of appeals of jurisdiction over an administrative petition for review "because jurisdiction attached under the statute in effect when the petition for review was filed"). The statute at issue here lacks any express language divesting district courts of jurisdiction upon the creation of a justice court.[3] We there-

---

1. For convenience to the reader, we cite to the current version of the Utah Code. Since the City's initiation of this suit against Defendant, this section has been amended several times and renumbered, but the substantive amendments do not affect this appeal. *See* Act of Mar. 14, 2008, ch. 115, § 8, 2008 Utah Laws 1101, 1101–02 (rewording subsection 102(5) and adding subsection 102(9)); Act of Mar. 14, 2008, ch. 93, § 2, 2008 Utah Laws 982, 982 (inserting language "or formed and then dissolved" into subsection 102(8)(b)); Act of Feb. 7, 2008, ch. 3, § 355, 2008 Utah Laws 292, 292 (renumbering former section and omitting reference to matters properly filed in circuit courts prior to July 1, 1996); Act of Mar. 19, 2004, ch. 201, § 5, 2004 Utah Laws 771, 771 (granting district courts jurisdiction over actions for child protective orders).

2. Jurisdiction of the district court must be invoked according to the procedures specified by statute, and if those procedures are not followed, jurisdiction does not attach. *See Hakki v. Faux*, 16 Utah 2d 132, 396 P.2d 867, 868 (1964) (relying on *State v. Telford*, 93 Utah 228, 72 P.2d 626, 627 (1937)). A party invokes the jurisdiction of the district court in "criminal prosecutions . . . by the filing of an information or the return of an indictment." Utah R.Crim. P. 5(a). *See generally* Utah Code Ann. § 77–1–2 (2008) ("The procedure in criminal cases shall be as prescribed in [the Utah Code of Criminal Procedure], the Rules of Criminal Procedure, and such further rules as may be adopted by the Supreme Court of Utah.").

3. While the district court correctly stated that new or amended statutes can be given retroac-

fore conclude that the district court retains jurisdiction over Defendant's case.

## CONCLUSION

¶ 9 We conclude that the district court erred in its determination that it no longer retained jurisdiction over the City's prosecution of Defendant. The district court's jurisdiction attached when the information was filed against Defendant, and in the absence of a clear expression of statutory intention to the contrary, the creation of the justice court did not divest the district court of jurisdiction over Defendant.

¶ 10 Accordingly, we reverse and remand.

¶ 11 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and JAMES Z. DAVIS, Judge.

tive effect if they affect only procedural matters, *see Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437–38 (Utah 1997), that analysis is not applicable in this case. Defendant's counsel concedes that this case does not involve a new or amended statute to which retroactive application may be required. Rather, this case involves a statutory provision that channels jurisdiction over class B misdemeanors to either the district court or a justice court, depending on the existence of certain conditions precedent. Thus, the issue in this case is purely one of statutory interpretation.