2010 UT App 336

**STATE of Utah, Plaintiff and Appellee,**

v.

**Troy Munk SOMMERVILLE, Defendant and Appellant.**

No. 20081042–CA.

Court of Appeals of Utah.

Nov. 26, 2010.

Rehearing Granted Feb. 15, 2011.

Charles A. Schultz, Brigham City, for Appellant.

Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## OPINION

ROTH, Judge:

¶ 1 This is an interlocutory appeal from the district court's denial of Defendant Troy Munk Sommerville's motion to dismiss a felony charge for driving under the influence of alcohol. We conclude that the trial court incorrectly interpreted Utah Code sections 76–1–402 and –403, which bar multiple prosecutions of offenses that arise out of a single criminal episode. We therefore reverse.

## BACKGROUND

¶ 2 In December 2006, Sommerville was arrested for driving under the influence of alcohol (DUI), *see* Utah Code Ann. § 41–6a–502 (Supp.2010).[1] He was also cited for following too closely, *see id.* § 41–6a–711, failure to remain at the scene of an accident, *see id.* § 41–6a–401, operating a vehicle without insurance, *see id.* § 41–12a–302, and driving on a suspended license, *see* Utah Code Ann. § 53–3–227 (Supp.2010). The offenses arose out of an investigation of a hit and run accident. For reasons not explained in the record, the arresting officer later issued another citation by mail for only the following too closely offense. Sommerville promptly paid the fine on that citation in January 2007. Sommerville was then formally charged by information in the Murray City Justice Court

---

1. For convenience to the reader, we cite to the current version of the Utah Code.

(the justice court) for the remaining offenses related to the accident, which offenses were all misdemeanors.

¶ 3 When Murray City (the City) became aware that Sommerville had paid the fine for the following too closely offense, it moved to dismiss the remaining misdemeanor offenses. In so moving, the City asserted that Utah Code sections 76-1-401, -402, and -403 (the Single Criminal Episode Statute) barred subsequent prosecution of the offenses because they had arisen from the same criminal episode as the following too closely offense.[2] *See* Utah Code Ann. §§ 76-1-401, -402, -403 (2008). In February 2007, the justice court dismissed the offenses on the City's motion, including the misdemeanor DUI.

¶ 4 In April 2007, Salt Lake County charged Sommerville in the district court with felony DUI arising from the same December 2006 incident, on the basis that Sommerville had at least two prior DUI convictions on his record.[3] *See generally* Utah Code Ann. § 41-6a-503 (stating that the penalty for DUI is a third degree felony if "the person has two or more prior [DUI] convictions"). The information also charged Sommerville with the other misdemeanors that had been filed with the misdemeanor DUI in the justice court.[4] Sommerville moved to dismiss, asserting that both double jeopardy and res judicata barred subsequent prosecution of the offenses due to the justice court's dismissal of the same offenses under the Single Criminal Episode Statute. The district court dismissed the misdemeanor offenses[5] but declined to dismiss the felony DUI offense, reasoning that under the Single Criminal Episode Statute the felony DUI offense had not been within the jurisdiction of the justice court when it was dismissed.

The district court further concluded that neither double jeopardy nor res judicata barred subsequent prosecution of the felony DUI offense. Sommerville appeals.

## ISSUES AND STANDARD OF REVIEW [6]

¶ 5 Sommerville argues that the Single Criminal Episode Statute bars subsequent prosecution of the felony DUI offense. Statutory interpretation is a question of law, reviewed for correctness. *See State v. Yazzie*, 2009 UT 14, ¶ 6, 203 P.3d 984 ("[S]tatutory interpretation ... [is] review[ed] for correctness, affording no deference to a lower court's legal conclusions."). Sommerville further argues that the justice court's dismissal of the misdemeanor DUI acts as a bar to subsequent prosecution of the felony DUI under both double jeopardy and res judicata. Because we conclude that the Single Criminal Episode Statute bars subsequent prosecution of the felony DUI offense, we do not reach Sommerville's double jeopardy and res judicata arguments raised on appeal.

## ANALYSIS

¶ 6 The Single Criminal Episode Statute is designed to protect a defendant from multiple trials for offenses that are part of a "single criminal episode," which is defined as "all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76-1-401 (2008). In furtherance of this objective, the Single Criminal Episode Statute bars "a subsequent prosecution for the same or a different offense arising out of" a single criminal episode "[i]f a defendant has been prosecuted for one or

---

2. Specifically, the City stated in its motion to dismiss that the charges "arise from a single criminal episode," and "[t]herefore, further prosecution of this case would be barred by double jeopardy."

3. Exactly when or how Sommerville's prior convictions were discovered is not disclosed in the record.

4. After paying the fine, Sommerville was never again charged with the following too closely offense in either the justice court or the district court.

5. The district court concluded that the misdemeanor offenses had been within the justice court's jurisdiction and were, therefore, barred by the Single Criminal Episode Statute. *See generally* Utah Code Ann. § 76-1-402(2)(a) (2008).

6. Neither party challenges the district court's dismissal of the misdemeanors. Our analysis, therefore, will focus solely on the district court's denial of Sommerville's motion to dismiss the felony DUI.

more offenses arising out of [the same] criminal episode." *Id.* § 76–1–403(1). For this bar on subsequent prosecution to apply, certain criteria must be met: (1) the offenses charged in the subsequent prosecution must have arisen out of the same criminal episode as the offenses charged in the initial prosecution, *see id.;* (2) the initial prosecution must have resulted in an acquittal, conviction, or improper termination or must have been "terminated by a final order or judgment for the defendant ... that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution," *id.* § 76–1–403(1)(b)(i)–(iv); *see also id.* § 76–1–403(2)–(4) (defining acquittal, conviction, and improper termination); (3) all of the offenses must have been "within the jurisdiction of a single court," *id.* § 76–1–402(2)(a); and (4) the offenses charged in the subsequent prosecution must have been "known to the prosecuting attorney at the time the defendant [was] arraigned on the first information or indictment," *id.* § 76–1–402(2)(b).[7] In this case, we conclude that all of these criteria have been met and the Single Criminal Episode Statute therefore bars subsequent prosecution of the felony DUI offense.

## I. The Offenses Are Part of a Single Criminal Episode

■ ¶ 7 For the Single Criminal Episode Statute to bar subsequent prosecution of the felony DUI, the DUI offense must have been part of the same criminal episode as the other traffic offenses. *See* Utah Code Ann. § 76–1–403(1) (requiring the offenses charged in the former and subsequent prosecution to be part of the same criminal episode). To be part of a single criminal episode, the offenses must be "closely related in time" and be "incident to an attempt or an accomplishment of a single criminal objective." *Id.* § 76–1–401. *See generally State v. Strader,* 902 P.2d 638, 642–43 & n. 9 (Utah Ct.App.1995) (stating that to determine whether offenses are part of a single criminal episode, the "specific facts of the case [should be] viewed under ... the totality of the circumstances" to decide whether offenses are "closely related in time" and whether the offenses share a "nexus of purpose" so as to make them "incident to ... [the] accomplishment of a single criminal objective" (internal quotation marks omitted)). The record discloses little information about the circumstances surrounding the offenses at issue here, but from the information available it is at least arguable that the DUI offense was not part of the same criminal episode as the related traffic offenses because the offenses did not share the same criminal objective. *See Hupp v. Johnson,* 606 P.2d 253, 254 (Utah 1980) (concluding that DUI does not have the same criminal objective as traffic violations); *cf. State v. Cornish,* 571 P.2d 577, 578 (Utah 1977) (per curiam) (concluding that theft of vehicle offense was not committed with same criminal objective as traffic violations). For purposes of our analysis, however, we are compelled to accept that the DUI offense and the traffic offenses are part of the same criminal episode because the City's concession that they are and the justice court's order of dismissal based on that con-

---

7. The Single Criminal Episode Statute reads,

If a defendant has been prosecuted for one or more offenses arising out of a single criminal episode, a subsequent prosecution for the same or a different offense arising out of the same criminal episode is barred if:

(a) The subsequent prosecution is for an offense that was or should have been tried under section 76–1–402(2) in the former prosecution; and

(b) The former prosecution

    (i) resulted in acquittal; or

    (ii) resulted in conviction; or

    (iii) was improperly terminated; or

    (iv) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsis-

tent with a fact that must be established to secure conviction in the subsequent prosecution.

Utah Code Ann. § 76–1–403(1) (2008). The Single Criminal Episode Statute further provides,

Whenever conduct may establish separate offenses under a single criminal episode, unless the court otherwise orders to promote justice, a defendant shall not be subject to separate trials for multiple offenses when:

    (a) The offenses are within the jurisdiction of a single court; and

    (b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment.

*Id.* § 76–1–402(2).

cession establish that conclusion as the law of the case—however questionable it might be.[8]

### II. The Initial Prosecution Resulted in a Conviction

¶8 For the Single Criminal Episode Statute to bar subsequent prosecution of the felony DUI, the initial prosecution must have resulted in an acquittal, conviction, or improper termination or must have been "terminated by a final order or judgment for the defendant . . . that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." *See* Utah Code Ann. § 76–1–403(1)(b)(i)–(iv). By paying the designated fine for the following too closely offense, Sommerville in effect entered a guilty plea and was convicted of that offense. *See id.* § 76–1–403(3) ("[T]here is a conviction if . . . a plea of guilty [is] accepted by the court."). Therefore, under the Single Criminal Episode Statute, a subsequent prosecution for any other offense that arose out of the same criminal episode as the following too closely offense—including the felony DUI—will be barred if the Statute's remaining criteria are met.[9] *See id.* § 76–1–403(1)(b)(ii) (stating that "a subsequent prosecution for . . . a different offense arising out of the same criminal episode is barred if . . . the former prosecution . . . resulted in conviction").

### III. All of the Offenses Were Within the Jurisdiction of a Single Court

¶9 For the Single Criminal Episode Statute to bar subsequent prosecution of the felony DUI, the felony DUI offense and the following too closely offense must have been "within the jurisdiction of a single court." *See* Utah Code Ann. § 76–1–402(2)(a) ("Whenever conduct may establish separate offenses under a single criminal episode . . . ,

a defendant shall not be subject to separate trials for multiple offenses when . . . [t]he offenses are within the jurisdiction of a single court."). Here, in denying Sommerville's motion to dismiss, the district court reasoned that the Single Criminal Episode Statute did not bar subsequent prosecution of the felony DUI offense in the district court because, unlike the associated misdemeanors, that offense had not been within the justice court's jurisdiction. We conclude, however, that the plain language of the Single Criminal Episode Statute requires a different result because the misdemeanors and the felony DUI were within the jurisdiction of a single court—the district court. *See generally State v. Jeffries*, 2009 UT 57, ¶7, 217 P.3d 265 ("When interpreting statutes, we first look to the plain language of the statute . . . . [thus] a statutory provision should be read literally." (citation omitted)).

¶10 "The district court shall have original jurisdiction in all matters except as limited by th[e Utah C]onstitution or by statute . . . ," Utah Const. art. VIII, § 5, and further "has original jurisdiction in all matters . . . criminal, not excepted in the Utah Constitution and not prohibited by law," Utah Code Ann. § 78A–5–102(1) (Supp.2010). A justice court's jurisdiction is limited to class B and class C misdemeanors. *See id.* § 78A–7–106(1) (stating further that justice courts also have jurisdiction over violations of ordinances and infractions). Felonies and class A misdemeanors, therefore, are within the jurisdiction of the district court but are not within the jurisdiction of justice courts. "[T]he district court's . . . jurisdiction over class B [and class C] misdemeanors is limited" by statute. *Salt Lake City v. Weiner*, 2009 UT App 249, ¶6, 219 P.3d 72. Nevertheless, "the district court has jurisdiction over class B [and class C] misdemeanors . . . if . . . 'they are included in an indictment or

---

8. In addition, neither party has raised the issue of whether the offenses are part of the same criminal episode, and thus they appear to accept that conclusion.

9. We emphasize that the fulfillment of this requirement is based on Sommerville's conviction for the following too closely offense and is not based on the justice court's dismissal of the remaining offenses under the Single Criminal Epi-

sode Statute because the dismissal itself did not amount to an acquittal, conviction, or improper termination-nor was it "a final order or judgment . . . that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." *See* Utah Code Ann. § 76–1–403(1)(b)(i)–(iv).

information covering a single criminal episode alleging the commission of a felony or a class A misdemeanor.'" *Id.* (quoting Utah Code Ann. § 78A–5–102(8)(c)); *see also* Utah Code Ann. § 78A–5–102(8)(a)–(b) (providing two other scenarios under which a district court may exercise jurisdiction over class B and class C misdemeanors).

■ ¶ 11 Here, all the offenses are "within the jurisdiction of a single court." *See* Utah Code Ann. § 76–1–402(2)(a) (2008). In the initial prosecution, which included the DUI offense charged as a misdemeanor, all the offenses charged were within the jurisdiction of a single court-the justice court. *See* Utah Code Ann. § 78A–7–106(1). And had the DUI been filed as a felony, all the offenses would still have been within the jurisdiction of a single court-the district court.[10] *See id.* § 78A–5–102(8)(c). Stated differently, no offense here was within the exclusive jurisdiction of a single court so as to require the State to either prosecute the offenses in separate proceedings in separate courts or abandon prosecution of one or more of the offenses in favor of prosecuting another offense that arose out of the same criminal episode. Rather, regardless of whether the DUI was charged as a misdemeanor or a felony, there was a single court that could exercise jurisdiction over all of the offenses in a single prosecution. And, under the plain language of the Single Criminal Episode Statute, all offenses arising from the same criminal episode must be tried together if they are "within the jurisdiction of a single court." *See* Utah Code Ann. § 76–1–402(2).

¶ 12 The holdings of *State v. Cooley*, 575 P.2d 693 (Utah 1978), and *State v. Sosa*, 598 P.2d 342 (Utah 1979), while appearing to support a different interpretation of the Single Criminal Episode Statute's jurisdiction requirement, no longer influence our analysis because of intervening changes in the law governing the district court's jurisdiction over misdemeanors. In *Cooley* and *Sosa*, the supreme court concluded that the Single Criminal Episode Statute did not bar separate prosecutions for misdemeanor offenses in a justice court and a felony offense arising out of the same criminal episode in the district court, reasoning that, under the law then in effect, the justice courts had exclusive jurisdiction to try misdemeanors-thus, the offenses were not "within the jurisdiction of a single court" as required by the Single Criminal Episode Statute. *See Cooley*, 575 P.2d at 694 (stating that the Single Criminal Episode Statute does not apply because the felony offense "cannot be tried in the same court where the ... [misdemeanor offenses] *must* be tried" (emphasis added)); *see also Sosa*, 598 P.2d at 344–45 (same). *See generally Cooley*, 575 P.2d at 695 (Maughan, J., dissenting) (stating that the majority's interpretation of the then-existing jurisdictional statutes was essentially that district courts had been "specific[ally] deni[ed]" the jurisdiction to try misdemeanors because justice courts had been given "exclusive, original jurisdiction" over misdemeanors by statute). In other words, *Cooley* and *Sosa* do not interpret the jurisdiction provision of the Single Criminal Episode Statute but, instead, interpret the jurisdictional boundaries between justice courts and district courts based on the law in effect at that time. In light of this reading of *Cooley* and *Sosa*, we conclude that the reasoning of those cases has been superseded by a 1997 amendment to Utah Code section 78A–5–102, which was then codified as Utah Code section 78–3–4, *see* Utah Code Ann. § 78A–5–102 amend. notes (2008); *see also* Act of Feb. 7, 2008, ch. 3, § 355, 2008 Utah Laws 292. This 1997 amendment explicitly granted jurisdiction to district courts over class B and class C misdemeanors in cases, such as this, where the offenses are "included in an ... information covering a single criminal episode alleging the commission of a felony or class A misdemeanor," Utah Code Ann. § 78A–5–102(8)(c); *see also* Utah Code Ann. § 78–3–4 amend. notes (Supp. 1997) (current version at Utah Code

---

10. The fact that conviction of a felony DUI requires proof of additional facts than a misdemeanor DUI is irrelevant to this analysis because the Single Criminal Episode Statute looks to whether a "same or different offense aris[es] out of the same criminal episode." *See* Utah Code

Ann. § 76–1–403(1) (2008). The applicability of the Single Criminal Episode Statute is therefore based on the relationship of the crimes to the overall circumstances and is not based on whether the offenses or elements of an offense are identical, shared, or completely different.

Ann. § 78A–5–102); Act of Feb. 28, 1997, ch. 216, § 2, 1997 Utah Laws 755, 756.

¶ 13 Thus, although the district court correctly determined that the justice court did not have jurisdiction over the felony DUI offense, its conclusion that the Single Criminal Episode Statute did not bar subsequent prosecution of the felony DUI offense for that reason is incorrect. Because the felony DUI and the following too closely offenses were within the jurisdiction of a single court—the district court—the justice court's limited jurisdiction was not determinative: the bar still applies unless the felony DUI was not known to the prosecuting attorney, *see* Utah Code Ann. § 76–1–402(2)(b).

IV. **The State Failed to Demonstrate that the Felony DUI Offense Was Not Known to the Prosecuting Attorney**

■ ¶ 14 For the Single Criminal Episode Statute to bar subsequent prosecution of the felony DUI, the offenses must not only be within the jurisdiction of a single court but must also have been "known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment," *see* Utah Code Ann. § 76–1–402(2)(b). The Single Criminal Episode Statute was not designed as a trap for the unwary prosecutor who files what appears to be a series of misdemeanors originating from a single criminal episode in the justice court, only to discover too late—after the defendant has entered a guilty plea—that circumstances of which he or she was unaware make one or more of the offenses triable only in the district court.[11] It is, however, the State's burden to show that an offense was not known to the prosecuting attorney when the defendant was first arraigned. Here, the State has failed to address either in the district court or on appeal the issue of whether Sommerville's prior DUI convictions—and thus the felony DUI offense—were "known to the

prosecuting attorney," *see id.* In the absence of any argument to the contrary we must assume for purposes of this appeal that the felony DUI offense was known to the prosecuting attorney at the time Sommerville entered his guilty plea on the following too closely offense.[12] We therefore assume that this requirement of the Single Criminal Episode Statute's bar on subsequent prosecution of the felony DUI is met.

CONCLUSION

¶ 15 We conclude that the Single Criminal Episode Statute bars subsequent prosecution of the felony DUI offense. Sommerville was convicted of the following too closely offense, which we assume based on the law of this case, was part of the same criminal episode as the DUI offense. Moreover, the following too closely offense and the felony DUI offense were within the jurisdiction of a single court—the district court. Further, the State has failed to present any argument that the felony DUI offense was not known to the prosecuting attorney. We therefore reverse the district court's conclusion that the Single Criminal Episode Statute does not bar subsequent prosecution of the felony DUI offense.

¶ 16 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and CAROLYN B. McHUGH, Associate Presiding Judge.

---

11. It is conceivable as well that an entirely separate offense, also part of the same criminal episode, may be unknown to the prosecutor at the time of arraignment.

12. For purposes of this appeal, we assume without deciding that the "time [Sommerville was] arraigned on the first information or indict-

ment," *see* Utah Code Ann. § 76–1–402(2)(b), was when he paid the fine on the following too closely offense, effectively entering a guilty plea, *see generally* Utah R.Crim. P. 10 (stating that an arraignment "shall consist of reading the indictment or information to the defendant ... and calling on him to plead thereto").